[No. C004334. Third Dist. July 28, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
FREDERIC CHARLES KAIN, Defendant and Appellant.

**COUNSEL**

Estelle A. Schleicher and Kimball J. P. Sargeant for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Roger E. Venturi and Michael J. Weinberger, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

SIMS, J.— ■ We hold that the 1986 amendment of subdivision (i) of Penal Code section 1538.5, effective January 1, 1987 (Stats. 1986, ch. 52, § 1) did not change the requirement of *People* v. *Lilienthal* (1978) 22 Cal.3d 891, 896 [150 Cal.Rptr. 910, 587 P.2d 706], that a defendant must challenge the legality of a search in superior court in order to obtain review of the

issue in an appeal to this court. (Further statutory references are to the Penal Code unless otherwise indicated.)

PROCEDURAL HISTORY

In September 1987 defendant was charged by consolidated complaints in municipal court with cruelty to animals (§ 597), declared to be a misdemeanor, and possession of a destructive device (§ 12303), a felony. The offenses were alleged to have occurred in August and September 1987.

In the municipal court before a magistrate, defendant moved to suppress evidence seized pursuant to a search warrant, and the motion was heard and denied on November 2, 1987.

An information was filed in superior court charging defendant with the section 12303 felony offense. At arraignment in superior court on November 17, defendant reserved a time on December 2 for the hearing of a section 1538.5 motion. However, no written motion was filed, and neither defendant nor his attorney appeared for the hearing of the motion on December 2. The motion was dropped from calendar but the court ordered preparation of a transcript of the suppression hearing in municipal court at the request of the People. No motion to suppress nor any section 995 motion was ever made.

Defendant later entered a negotiated plea of no contest to the section 12303 charge, which was declared a misdemeanor. He was granted probation.

Defendant filed a timely notice of appeal purporting to challenge the validity of the search. The People contend defendant cannot contest the validity of the search because he never tendered the issue to the superior court. We agree. Consequently, we shall order the correction of a clerical error in the abstract of judgment but otherwise affirm the judgment.

DISCUSSION

I

At all relevant times, subdivision (f) of section 1538.5 has authorized a defendant charged with a felony to move to suppress evidence at the preliminary hearing in municipal court.[1]

---

[1] See *People* v. *Lilienthal, supra,* 22 Cal.3d at page 895, footnote 2. Subdivision (f) of section 1538.5 currently provides: "(f) If the property or evidence relates to a felony offense initiated by a complaint, the motion shall be made in the superior court only upon filing of an information, except that the defendant may make the motion at the preliminary hearing in the municipal or justice court but the motion in the municipal or justice court shall be restricted to evidence sought to be introduced by the people at the preliminary hearing."

In *People* v. *Lilienthal, supra,* 22 Cal.3d 981, our Supreme Court held that even though a defendant charged with a felony moved to suppress evidence at the preliminary hearing, the validity of a search still had to be raised in the superior court in order to preserve the issue for appeal. (*Id.* at pp. 896-897.) However, the court noted a motion pursuant to section 995 could serve as the procedural vehicle by which the search issue was raised. (*Ibid.*) Our Supreme Court recently followed *Lilienthal* in *People* v. *Miranda* (1987) 44 Cal.3d 57, 80 [241 Cal.Rptr. 594, 744 P.2d 1127].

Defendant contends that even if the validity of the search was not tendered to the superior court, he may appeal the validity pursuant to subdivision (m) of section 1538.5, which provides in relevant part, ". . . review on appeal may be obtained by the defendant providing that at some stage of the proceedings prior to conviction he or she has moved for the return of property or the suppression of the evidence." Defendant says the statute is satisfied because he moved to suppress the evidence "at some stage of the proceedings," i.e., in the municipal court.

This argument is unavailing because the pertinent statutory language in subdivision (m) of section 1538.5 was construed by our Supreme Court in *Lilienthal* so as to require a defendant to tender the illegality of a search in superior court in order to appeal the issue.[2] (*Lilienthal, supra,* 22 Cal.3d at pp. 896-897.) ■ This construction of the statutory language became a part of the statute (*People* v. *Hallner* (1954) 43 Cal.2d 715, 721 [277 P.2d 393]) and is binding on this court. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]; *In re La Opinion* (1970) 10 Cal.App.3d 1012, 1017 [89 Cal.Rptr. 404].)

■ Defendant asserts the 1986 amendment (eff. Jan. 1, 1987) of subdivision (i) of section 1538.5 eliminated the requirement that a search issue be tendered to the superior court. We cannot agree.

The 1986 amendment of subdivision (i) of section 1538.5 deleted a provision permitting de novo review in the superior court of a suppression motion brought in the municipal court and added language so that the subdivision now reads in relevant part: "If the offense was initiated by indictment or if the offense was initiated by complaint and no motion was made at the preliminary hearing, the defendant shall have the right to fully litigate the validity of a search or seizure on the basis of the evidence presented at a special hearing. If the motion was made at the preliminary hearing, unless otherwise agreed to by all parties, evidence presented at the special hearing

---

[2] Former section 1538.5, subdivision (m), provided in relevant part when interpreted in *Lilienthal*: " 'review on appeal may be obtained by the defendant providing that at some stage of the proceedings prior to conviction he has moved for the return of property or the suppression of the evidence.' " (*Lilienthal, supra,* 22 Cal.3d at p. 896.)

shall be limited to the transcript of the preliminary hearing and to evidence which could not reasonably have been presented at the preliminary hearing, except that the people may recall witnesses who testified at the preliminary hearing. . . . The superior court shall base its ruling on all evidence presented at the special hearing and on the transcript of the preliminary hearing, and the findings of the magistrate shall be binding on the superior court as to evidence or property not affected by evidence presented at the special hearing." (Amended Stats. 1986, ch. 52, § 1.)

The 1986 amendment of subdivision (i) changes the nature of the proof permitted in the superior court on review of the magistrate's ruling, so as to achieve an economy of evidence where the facts have been litigated in the municipal court. The amendment also affects the deference superior courts and appellate courts pay the factual findings of a magistrate. (See *People* v. *Ramsey* (1988) 203 Cal.App.3d 671, 678-679 [250 Cal.Rptr. 309].) However, the 1986 amendment of subdivision (i) did not affect the crucial language of subdivision (m) upon which *Lilienthal* is premised. ■ "The failure of the Legislature to change the law in a particular respect when the subject is generally before it and changes in other respects are made is indicative of an intent to leave the law as it stands in the aspects not amended." (*Cole* v. *Rush* (1955) 45 Cal.2d 345, 355 [289 P.2d 450, 54 A.L.R.2d 1137], followed in *Walker* v. *Superior Court* (1988) 47 Cal.3d 112, 129 [253 Cal.Rptr. 1, 763 P.2d 852].) ■ The amendment therefore leaves *Lilienthal*'s rule unscathed.

Moreover, in *Lilienthal* the Supreme Court reasoned, "it would be wholly inappropriate to reverse a superior court's judgment for error it did not commit and that was never called to its attention." (*Lilienthal, supra,* 22 Cal.3d at p. 896, fn. omitted.) This sensible principle retains its vitality under the current version of section 1538.5.

We therefore conclude a defendant must still tender the issue of the illegality of a search to the superior court in order to obtain review of the issue on appeal to this court. (§ 1538.5, subd. (m); *People* v. *Miranda, supra,* 44 Cal.3d at p. 80; *People* v. *Lilienthal, supra,* 22 Cal.3d at p. 896.)

## II

■ Defendant argues that if he was required to tender the search issue to the superior court, he did so.

As noted above, defendant's counsel requested a hearing on the suppression motion in the superior court. At that hearing the prosecutor requested that the transcript of the lower court hearing be transcribed. Relying on *Anderson* v. *Superior Court* (1988) 206 Cal.App.3d 533 [253 Cal.Rptr. 651],

defendant asserts these actions adequately preserved the search question for review. However, defendant is wrong.

In *Anderson, supra,* the issue was whether the defendant had litigated a suppression issue in the municipal court and was therefore barred by current subdivision (i) of section 1538.5 from obtaining a de novo factual hearing on that question in the superior court. (206 Cal.App.3d at pp. 537-539.)

In *Anderson,* police officers testified at the preliminary hearing the defendant had voluntarily invited them into the subsequently searched premises. The defendant testified the police had entered without asking permission. (206 Cal.App.3d at pp. 536-537.) In deciding whether to hold the defendant to answer, the magistrate specifically stated the only issue was whether the search was consensual. (*Id.* at p. 537.) The magistrate concluded the defendant consented to the entry. (*Ibid.*)

On these facts, *Anderson* concluded the defendant had litigated the search and seizure issue at her preliminary hearing. (*Id.* at p. 544.) The court found a motion is made when a party clearly places a question before the court. The moving party must make the basis for the motion clear and "seek and obtain an unambiguous ruling on the motion." (*Id.* at pp. 541-542.) The court found the defendant had done this by offering testimony which was relevant only to the issue of consent. (206 Cal.App.3d at p. 542.)

In this case, defendant neither filed a written motion nor appeared for argument. The trial court was never informed as to what evidence defendant wanted suppressed nor as to any basis on which suppression would be appropriate. These failings are not cured by the People's request for a reporter's transcript of the hearing on defendant's suppression motion in municipal court. That request was doubtless made with the expectation it would expedite proceedings when the suppression motion was eventually made. However, it never was. Accordingly, defendant never placed the search issue before the superior court. (*Smith* v. *Superior Court* (1978) 76 Cal.App.3d 731, 733-734 [143 Cal.Rptr. 109].)

## III

■ Defendant argues alternatively that his counsel's failure to renew the suppression motion in the superior court constituted ineffective assistance. However, the record is not adequate for us to resolve this question.

■ In determining whether a defendant received adequate legal assistance, the reviewing court examines the record for an explanation of counsel's actions. The conviction will not be reversed if the record demonstrates counsel had a rational basis for his actions. (*People* v. *Pope* (1979) 23 Cal.3d 412, 425, 426 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].) Nor will

the conviction be reversed where the record contains no explanation by counsel for his actions, unless he failed to provide one when asked or there could not be a satisfactory explanation for counsel's actions. (*Id.* at p. 426.)

 The record reveals no explanation by counsel for his actions. The evidence and rulings at the preliminary hearing may have persuaded counsel it would have been futile to renew the motion. As defendant entered a plea and received probation it is possible counsel's decision was influenced by plea negotiations. On this record we cannot conclude counsel was incompetent. (See *People* v. *Haynes* (1980) 104 Cal.App.3d 118, 124-125 [164 Cal.Rptr. 552].)

## IV

Our review has revealed an error in the abstract of judgment. The abstract incorrectly lists defendant's conviction as one for a violation of section 1203 rather than section 12303. We shall order the abstract corrected.

## Disposition

The superior court is directed to amend the abstract of judgment as described in the opinion. The judgment is affirmed.

Sparks, Acting P. J., and Scotland, J., concurred.