[No. A051478. First Dist., Div. Five. Nov. 14, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
FREVA SHORT DOSSMAN, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976 and 976.1, this opinion is certified for publication except for part II.

## COUNSEL

David Y. Stanley and Mark Shenfield for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Ronald E. Niver and Laurence K. Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

HANING, J.—Freva Short Dossman appeals her conviction by guilty plea of possession of marijuana for sale. (Health & Saf. Code, § 11359.) She contends the evidence supporting her conviction was the product of an unlawful search and seizure, and that the court erred in sentencing her to the upper term. We affirm.

### PROCEDURAL HISTORY

Appellant was charged by complaint with possession for sale of methamphetamine, possession for sale of cocaine, possession for sale of lysergic acid diethylamide (L.S.D.), and possession for sale of marijuana. Pursuant to Penal Code section 1538.5, subdivision (f),[1] she moved at the preliminary hearing to suppress evidence seized from her home. The motion was granted and the complaint was dismissed when the People were unable to proceed. Thereafter, the People moved successfully in the superior court for reinstatement of the complaint pursuant to section 871.5. The court granted the motion and ordered the magistrate to reinstate the complaint. The preliminary hearing then resumed and additional evidence was taken, after which appellant was held to answer. Thereafter, pursuant to a plea bargain in the superior court, and without renewing her motion to suppress (§ 1538.5) or moving to dismiss (§ 995), appellant pled guilty to possession of marijuana for sale (Health & Saf. Code, § 11359) and the remaining charges were

---

[1]Unless otherwise indicated, all further statutory references are to the Penal Code.

dismissed. She was sentenced to the upper term of three years in state prison. Her notice of appeal states that the grounds for appeal include, but are not limited to, the court's error in imposing the upper term. Her appellate brief raises search and seizure issues.

## FACTS

The Petaluma police arrested David Bettencourt and found him in possession of an ounce of methamphetamine. Either from a sincere pang of conscience or an effort to assist his own case, Bettencourt agreed to assist the police in apprehending his supplier, whom he identified as appellant. Police gave Bettencourt $1,300 in recorded public funds for use in the transaction, and he was wired with a body microphone to monitor his conversation with appellant. He was instructed to signal police with a prearranged statement if he observed narcotics and a transaction was conducted. After being invited into appellant's house, Bettencourt gave the prearranged signal to the police, after which they forcibly entered. Appellant was handcuffed and signed a written consent-to-search form. The police recovered large quantities of marijuana, methamphetamine, cocaine, L.S.D. and related drug paraphernalia, records of drug sales, and $1,040 in currency.

## DISCUSSION

### I

 The People correctly contend appellant is not entitled to appellate review of the search and seizure because she pled guilty without preserving the issue for appeal, as required by section 1538.5, subdivision (m).

 As a general rule, failure to preserve an issue in the trial court will preclude a party from raising that issue on appeal. (*People* v. *St. Martin* (1970) 1 Cal.3d 524, 537-538 [83 Cal.Rptr. 166, 463 P.2d 390]; *People* v. *Capps* (1989) 215 Cal.App.3d 1112, 1118 [263 Cal.Rptr. 791].) Ordinarily, all errors arising prior to entry of a guilty plea are waived, except those which question the jurisdiction or legality of the proceedings resulting in the plea. (*People* v. *Kaanehe* (1977) 19 Cal.3d 1, 9 [136 Cal.Rptr. 409, 559 P.2d 1028]; *People* v. *Galan* (1985) 163 Cal.App.3d 786, 796-797 [209 Cal.Rptr. 837].)

An exception is made for search and seizure issues where a defendant moves to suppress evidence under section 1538.5. (§ 1538.5, subd. (m); *People* v. *Kaanehe, supra,* 19 Cal.3d at p. 8.) Subdivision (m) of that section provides: "The proceedings provided for in this section, Section 871.5, Section 995, Section 1238, and Section 1466 shall constitute the sole and

exclusive remedies prior to conviction to test the unreasonableness of a search or seizure where the person making the motion for the return of property or the suppression of evidence is a defendant in a criminal case and the property or thing has been offered or will be offered as evidence against him or her. A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty. Such review on appeal may be obtained by the defendant providing that at some stage of the proceedings prior to conviction he or she has moved for the return of property or the suppression of the evidence." This language regarding the preservation of search and seizure issues for appeal has been interpreted as requiring the defendant to raise the issue in the superior court at some stage of the proceedings, at least by filing a section 995 motion predicated on an erroneous search and seizure ruling by the magistrate. (*People* v. *Miranda* (1987) 44 Cal.3d 57, 80 [241 Cal.Rptr. 594, 744 P.2d 1127]; *People* v. *Lilienthal* (1978) 22 Cal.3d 891, 896 [150 Cal.Rptr. 910, 587 P.2d 706]; *People* v. *Kain* (1989) 212 Cal.App.3d 816, 821 [260 Cal.Rptr. 838].)

■ Appellant contends the section 871.5 motion in the superior court was sufficient to preserve the issue for appeal. We disagree. In the instant case, after appellant's suppression motion at the preliminary hearing was granted and the complaint dismissed, the complaint was reinstated under section 871.5 by the superior court's order, the preliminary hearing resumed, and additional evidence was taken. Appellant was then held to answer on a record different from that before the superior court on the People's section 871.5 motion.

Although under different circumstances a section 871.5 motion *may* be sufficient to preserve search and seizure issues for appeal, the problem in the instant case is that the section 871.5 hearing was based upon a different record from the record on which appellant was ultimately held to answer. The People's motion, and appellant's opposition to it, were based on the evidence presented at the preliminary hearing up to that point. Following reinstatement of the complaint and resumption of the preliminary hearing, further evidence was presented. Since appellant never challenged the information or moved to suppress the evidence upon the full record, the superior court never ruled on the issue after the record was completed, and the issue has therefore not been properly preserved for appeal.

In addition, at the preliminary hearing defense counsel conceded that the police had probable cause for a warrant, arguing only that exceptions to the warrant requirement did not apply. Appellant now argues on appeal that probable cause did not exist. ■ A warrantless search of a residence

places a burden on the prosecution to prove that the entry and resulting search and/or seizure were nevertheless reasonable. (*People* v. *Williams* (1988) 45 Cal.3d 1268, 1300 [248 Cal.Rptr. 834, 756 P.2d 221]; *People* v. *Brown* (1989) 210 Cal.App.3d 849, 855 [260 Cal.Rptr. 293].) ▮ By conceding the issue of probable cause below, appellant relieved the People of introducing evidence to support the very issue she now seeks to raise and challenge.

Based on the foregoing, we conclude that appellant has failed to preserve the issue for appeal, and it is deemed waived.

II*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

Affirmed.

Low, P. J., and King, J., concurred.

Appellant's petition for review by the Supreme Court was denied February 11, 1992.

---

*See footnote, *ante*, page 1433.