[No. B065288. Second Dist., Div. Two. Dec. 8, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
KENNETH JEROME BURNS, Defendant and Appellant.

## Counsel

David E. Kenner for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Linda C. Johnson and Lauren E. Dana, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**BOREN, P. J.**—After the municipal court denied appellant's motion to quash and traverse a search warrant (Pen. Code, § 1538.5, subd. (f)), appellant entered a "certified plea" of guilty,[1] and the municipal court transferred the matter to the superior court, which then sentenced appellant. We hold that, pursuant to subdivision (m) of section 1538.5, this court lacks jurisdiction to review the denial of appellant's motion, since it was not brought in the superior court. Appellant's guilty plea included the agreement that he would be permitted to raise on appeal the denial of his motion to quash and traverse the search warrant. Since our limited appellate jurisdiction precludes honoring such an agreement, we remand the matter to the superior

---

[1] A certified plea, in essence, amounts to a settlement of the case which bypasses several potential stages of litigation and results in the rather prompt resolution of the matter and sentencing in the superior court. A certified plea is authorized pursuant to Penal Code section 859a, which provides, in pertinent part, as follows: "If the public offense charged is a felony not punishable with death . . . [w]hile the charge remains pending before the magistrate and when the defendant's counsel is present, the defendant may plead guilty to the offense charged . . . upon a plea of guilty . . . [t]he magistrate may then . . . certify the case, including a copy of all proceedings therein and any testimony that in his or her discretion he or she may require to be taken, to the superior court, and thereupon the proceedings shall be had as if the defendant had pleaded guilty in that court. . . ."

court to give appellant the option to withdraw his plea of guilty and to confront all the original charges in the amended felony complaint.

## PROCEDURAL HISTORY

Appellant was charged in an amended felony complaint with manufacturing phencyclidine (Health & Saf. Code, § 11379.6, subd. (a)), possession for sale of methamphetamine (Health & Saf. Code, § 11378), possession with intent to manufacture methamphetamine (Health & Saf. Code, § 11383, subd. (c)(4)), and the possession of a firearm (a handgun) by a felon (Pen. Code, § 12021, subd. (a)). In the municipal court, appellant moved to quash and traverse a search warrant pursuant to Penal Code section 1538.5.[2] The motion was heard and denied. Appellant thereafter waived his right to a preliminary hearing and to a jury trial and pled guilty in the municipal court to the crime of possession with intent to manufacture methamphetamine, count 3 in the amended complaint, with the remaining three counts to be dismissed at sentencing. During the plea agreement it was also acknowledged, in pertinent part, that "[t]here will be a four year lid by way of sentencing," that appellant will be on bail pending appeal, and "[i]t will be certified for appeal with regard to the denial of [the] motion to suppress." Appellant was thereafter sentenced in superior court to a two-year term in prison.

Appellant urges that his search and seizure claim is properly before this court. Appellant also contends that the trial court erred in denying his motion to quash and traverse because the search warrant affidavit provides insufficient probable cause for the search warrant. Alternatively, he contends that, because the affiant unreasonably relied upon the account of another officer, the affidavit contained intentional inaccuracies or false statements which should be excised from the affidavit and such excision would result in inadequate probable cause to issue a search warrant. However, the failure to bring these contentions in the superior court is a procedural defect which is fatal to this appeal. We, therefore, need not address whether substantial evidence supports the municipal court's finding that nothing need be excised from the affidavit (see *Franks* v. *Delaware* (1978) 438 U.S. 154, 171 [57 L.Ed.2d 667, 681-682, 98 S.Ct. 2674]; *People* v. *Anderson* (1983) 149 Cal.App.3d 1161, 1165 [197 Cal.Rptr. 413]) or whether the surveilling officer's detection of a telltale chemical odor and his observation of countersurveillance driving presented sufficient probable cause for the search warrant.

---

[2]All references hereinafter to "section" followed by a number but without a code designation are to the Penal Code.

## Discussion

A defendant may seek appellate review of the validity of a search or seizure following a conviction "notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty." (§ 1538.5, subd. (m).) However, the statute authorizing such appellate review specifies that to obtain such review, the defendant must "at some stage of the proceedings prior to conviction [have] moved for the return of property or the suppression of the evidence." (*Ibid.*) It is well settled that although a motion to suppress may be made in the municipal court (§ 1538.5, subd. (f)), the phrase "at some stage of the proceedings" in subdivision (m) means the proceedings in the superior court. (*People v. Lilienthal* (1978) 22 Cal.3d 891, 896-897 [150 Cal.Rptr. 910, 587 P.2d 706].)

In *Lilienthal*, the Supreme Court held that, even though a defendant charged with a felony had moved to suppress evidence at the preliminary hearing stage, to preserve the issue for appeal the validity of the search still had to be raised in the superior court. (22 Cal.3d 891.) To preserve the search and seizure issue for appeal, the issue must have been raised in the superior court by a motion to suppress, pursuant to section 1538.5, or at the very least by a motion to set aside the information, pursuant to section 995. (*Ibid.*) As the court reasoned in *Lilienthal*, "[I]t would be wholly inappropriate to reverse a superior court's judgment for error it did not commit and that was never called to its attention." (22 Cal.3d at p. 896.)

In a procedural context similar to that in *Lilienthal*, the court, in *Ramis v. Superior Court* (1977) 74 Cal.App.3d 325, 332 [141 Cal.Rptr. 374], emphasized that a litigant is generally "not permitted to bypass a remedy in a lower court and reserve his grievance for submission to a higher court," and that an appeal "brings before the appellate court for review only those matters which were before the lower court when it made its decision." (*Ibid.*) This fundamental principle precluding a defendant from bypassing a superior court decision on a search and seizure issue was reaffirmed by our Supreme Court in *People v. Miranda* (1987) 44 Cal.3d 57 [241 Cal.Rptr. 594, 744 P.2d 1127], which, after specifically relying upon *Lilienthal* for that principle, observed that the defendant "cannot now challenge the validity of the search since he failed to preserve the issue either by proper objection at trial or by pretrial motion." (44 Cal.3d at p. 81.)

In *People v. Kain* (1989) 212 Cal.App.3d 816 [260 Cal.Rptr. 838], the Court of Appeal was confronted with a defendant who again did not renew his motion to suppress in the superior court after it had been denied in the municipal court. The defendant later entered a negotiated plea of no contest

in the superior court and then attempted to raise on appeal to the Court of Appeal a challenge to the validity of the search. (*Id.* at p. 819.) The court in *Kain* addressed the effect of a 1986 amendment to subdivision (i) of section 1538.5 and concluded that it only altered the nature of proof permitted in superior court on review of the magistrate's ruling and affected the deference superior courts and appellate courts pay to factual findings of a magistrate but "did not affect the crucial language of subdivision (m) upon which *Lilienthal* is premised." (212 Cal.App.3d at p. 821.) The court reaffirmed the "sensible principle" in *Lilienthal* regarding the inappropriateness of reversing a superior court's judgment for error it did not commit and which was never called to its attention and deemed itself bound, as we do, to the requirement in *Lilienthal* that a defendant must tender the illegality of a search to the superior court in order to preserve the issue for appeal. (*People v. Kain, supra*, 212 Cal.App.3d at p. 821; see also *People v. Dossman* (1991) 235 Cal.App.3d 1433, 1437 [1 Cal.Rptr.2d 489].)

Appellant seeks to distinguish his case from the cases discussed above on the ground that it involves a certified plea of guilty, as authorized by section 859a. According to appellant, if the requirement in *Lilienthal* of filing an appropriate motion in superior court applied with regard to certified pleas, "there would be no purpose for the parties to agree to the entry of a certified plea which, in essence, emulates a settlement of the case and thus bypasses all the various stages of litigation and ensures that the same case is not required to merely be re-litigated in Superior Court causing an enormous waste of both the court's and parties['] time and money."

However, as is apparent in the present context, a certified plea results in the disposition of a case at a very early stage in the proceedings and thus entails the enhanced prospect of a more favorable disposition of the matter for the defendant. But, consistent with *Lilienthal* and *Ramis*, such a concept of judicial economy is illusory if it requires an appellate court to review a search and seizure issue which the trial court never had an opportunity to hear or decide. Moreover, the parties might well envision such a concept as obviating the need of a satisfied defendant, who has received a favorable plea disposition, to bother to appeal.

We acknowledge that appellant, at the time he pled guilty, did express a desire to appeal his search and seizure issue. ▮ Nonetheless, to the extent that a defendant has a meritorious search and seizure claim, "no good purpose would be served by encouraging a defendant to bypass a superior court decision" (*Ramis v. Superior Court, supra*, 74 Cal.App.3d at p. 333), and "he should make [an appropriate motion] in the superior court so that he may not need an appeal." (*Ibid.*) ▮ As a practical matter, a defendant

who obtains a prompt and favorable plea bargain at the municipal court level loses little by the inability to appeal a search and seizure claim. Indeed, a certified plea enhances the defendant's argument that his prompt plea spares the further use of scarce court resources, including appellate resources, and thus results in additional leverage for the defendant in the plea bargaining process.

■ The certified plea process is, by its nature, intended to short-circuit further judicial proceedings, and the preclusion of a search and seizure issue from being raised on appeal is consistent with that approach.[3] Section 859a specifically provides that when a magistrate proceeds to "certify the case . . . to the superior court, . . . the proceedings shall be had as if the defendant had pleaded guilty in that court. . . ." Accordingly, the defendant has effectively already pled guilty in the superior court, and a certified plea would thus normally preclude a motion to preserve a search and seizure claim in the superior court.[4]

■ The day after appellant's plea of guilty he filed in the superior court a motion to quash the search warrant and/or to traverse the affidavit to put the court on notice that such a motion had been previously filed. Appellant concedes that there was no intent that the motion be heard because the superior court lacked jurisdiction to hear the motion after his certified plea. He, therefore, suggests that his appeal is not from the superior court's judgment denying his motion but rather from the municipal court's judgment. However, the only judgment that has been entered in this criminal case is that of the superior court, which under the circumstances presented is the sentence imposed. (§ 1237, subd. (a); see *People* v. *Rojas* (1975) 15 Cal.3d 540, 543, fn. 1 [125 Cal.Rptr. 357, 542 P.2d 229, 92 A.L.R.3d 1127].)

---

[3]Nonetheless, we would have no quarrel with a scenario where, upon agreement of the prosecution and the defense, the certified plea procedure is used with an understanding on the record that before accepting the plea and imposing the bargained-for sentence, the superior court would review the ruling made by the municipal court, utilizing the record of the suppression hearing there conducted. (See § 1538.5, subd. (i).)

[4]We note that in *People* v. *Alderson* (1978) 86 Cal.App.3d 274 [150 Cal.Rptr. 189], the court held that the validity of a search and seizure may be reviewed on appeal where a defendant moved to suppress at the preliminary hearing pursuant to section 1538.5 and then pled guilty with the matter certified to the superior court. *Alderson* aptly observed, "The statutory scheme after [the defendant's] plea of guilty and certification to the superior court does not include another motion to suppress," but concluded that the subdivision (m) language "at some stage of the proceedings" included a motion to suppress at the preliminary hearing stage. (86 Cal.App.3d at p. 279.) Such a conclusion is, of course, contrary to the holding in *Lilienthal*. The opinion in *Alderson*, which has never been cited as authority, was rendered prior to the Supreme Court's opinion in *Lilienthal* and is not controlling. (See *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

██ Finally, as previously noted, in the present case before appellant entered his guilty plea, the prosecutor indicated that there was an agreement whereby, in part, the parties understood that the matter "will be certified for appeal with regard to the denial of [the] motion to suppress." However, the parties cannot by their agreement confer upon this court the jurisdiction to hear an issue which is not appealable. (Cf. *People* v. *DeVaughn* (1977) 18 Cal.3d 889, 895-896 [135 Cal.Rptr. 786, 558 P.2d 872] (a trial court's issuance of a certificate of probable cause cannot expand the otherwise limited issues cognizable on appeal after a plea of guilty).)

██, ██ Although this court has jurisdiction to entertain an issue regarding sentence after appellant's plea of guilty (Cal. Rules of Court, rule 31(d); see *People* v. *Kaanehe* (1977) 19 Cal.3d 1, 8 [136 Cal.Rptr. 409, 559 P.2d 1028]; *People* v. *McKnight* (1985) 171 Cal.App.3d 620, 623-624 [217 Cal.Rptr. 393]), we have no authority pursuant to section 1538.5, subdivision (m), to review appellant's search and seizure claim, which was precluded from consideration in the superior court by appellant's certified plea.

██ Accordingly, since appellant cannot be given the benefit of his plea bargain, which entailed the ability to raise on appeal the search and seizure claim, he must be permitted to withdraw his guilty plea. (See, e.g., *People* v. *Calloway* (1981) 29 Cal.3d 666, 670-673 [175 Cal.Rptr. 596, 631 P.2d 30]; *People* v. *Bowie* (1992) 11 Cal.App.4th 1263, 1266-1268 [15 Cal.Rptr.2d 22]; *People* v. *Jackson* (1981) 121 Cal.App.3d 862, 869 [176 Cal.Rptr. 166].)

## DISPOSITION

The judgment is reversed and the cause remanded to the superior court. That court is directed to vacate the guilty plea if appellant makes an appropriate motion within 30 days after the remittitur is issued. In that event, the superior court should reinstate the original charges contained in the amended felony complaint, if the prosecution so moves, and proceed to trial or make other appropriate dispositions. If no such motion to vacate the guilty plea is filed by appellant, the trial court is directed to reinstate the original judgment.

Gates, J., and Fukuto, J., concurred.