Filed 7/13/23  P. v. Session CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D080457 |
|    Plaintiff and Respondent, | |
|    v. | (Super. Ct. No. SCD284568) |
| KEANDRE SESSION, | |
|    Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, David M. Rubin, Rachel Cano, Judges.  Affirmed.

Ava R. Stralla, by appointment of the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Senior Assistant Attorney General, Donald W. Ostertag and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

Keandre Session appeals from a judgment entered pursuant to a plea agreement. During the preliminary hearing, and before entering the plea, Session moved to suppress evidence and to quash or traverse a warrant related to a GPS tracker that was placed on a vehicle that he was driving prior to his arrest. The court denied both motions and held Session to answer on one count of burglary. The People filed an information and Session entered into the plea agreement not long after. When entering the plea, defense counsel noted that Session was "keeping his appeal rights." In addition, there was a line through the paragraph on the written plea form concerning appeal rights, and Session did not initial that paragraph.

On appeal, Session asserts the court erred in denying the suppression motions but concedes that his trial counsel failed to preserve the issue for appeal. Session asserts that his trial counsel provided ineffective assistance of counsel as a result,[1] and that his plea was involuntary because it was entered under the mistaken belief that he could address the rulings on the suppression motions on appeal. He asks this court to either reach the merits of the rulings on the suppression motions or to allow him to withdraw his plea. We conclude that we are statutorily barred from reaching the merits of the rulings on the suppression motions. And, because Session did not obtain a certificate of probable cause, we are also precluded from addressing any

---

[1] Session also filed a petition for writ of habeas corpus in December 2022, case No. D081295, likewise asserting that his trial counsel provided ineffective assistance of counsel by failing to preserve his right to address the rulings on the suppression motions on appeal. We hereby deny Session's motion to consolidate the present appeal and the petition for habeas corpus. We note, though, that the petition for writ of habeas corpus has been considered at the same time, and by the same panel, as the present appeal.

additional claims regarding the validity of the plea.  Accordingly, we affirm the judgment.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

A.     *The Burglary and Related Traffic Stops*

Just after noon on December 20, 2019, Deputy Mott, from the Orange County Sheriff's Department, conducted a traffic stop on a white BMW in the City of Yorba Linda, in the County of Orange.  The stated reason for the stop was that the vehicle did not have a front license plate, but Deputy Mott had also been investigating a string of residential burglaries in the area.  Session was driving, and there were three other passengers, including co-defendant Calvinisha Grace Baker.  Session was on parole, and was also a suspect in at least one of the recent burglaries.  Baker said the vehicle belonged to her, but it was registered to a fifth individual that was not in the car at the time of the stop.

Sheriff's Investigator Roberto Miranda arrived on the scene.  He conducted a parole search of the vehicle and found a pair of blue gloves commonly used in residential burglaries.  Before leaving, he surreptitiously placed a GPS tracking device on the vehicle.  A few hours later, at approximately 4:30 p.m., Miranda obtained a search warrant from a judge in the Superior Court for Orange County permitting him to track the white BMW.  He did not tell the judge that he had already placed a tracker on the vehicle.  However, he did note in the supporting affidavit that Session was a suspect in another residential burglary that had occurred in the Los Angeles area a month earlier, and that Session was currently on active parole.

Miranda tracked the vehicle as it drove through Riverside County and then south into San Diego County.  Based on the seemingly random manner of movement through residential neighborhoods, Miranda believed the

3

vehicle was "casing" the neighborhoods looking for targets for additional burglaries. Miranda contacted the San Diego Sheriff's Department to let them know that he was tracking the white BMW, and that he had reason to believe the vehicle may be involved in residential burglaries.

The San Diego County Sheriff's Department sent patrol units to the area where the white BMW had been tracked at around 6:00 p.m. About an hour later, the San Diego County Sheriff's Department received a call regarding a residential burglary in the same area. Deputies located the white BMW and attempted to initiate a traffic stop. The driver, later identified as Session, did not yield, and led deputies on a 14-mile chase. The other occupants threw items out of the vehicle during the chase, including a purse that was later identified as having been stolen during the most recent residential robbery. The chase ultimately ended in a collision. Session was arrested nearby. He admitted driving the vehicle but claimed to have no knowledge of the burglaries.

B.      *The Preliminary Hearing and Suppression Motions*

The People filed a complaint against Session, Baker, and one other co-defendant. They charged Session with one count each of residential burglary, evading an officer with reckless driving, hit and run driving, and resisting an officer.

Session brought a motion, pursuant to Penal Code section 1538.5,[2] to "suppress all evidence obtained as a result of [his allegedly] unlawful

---

[2]      All further unspecified statutory references are to the Penal Code.

detention and arrest."[3] He also brought a motion to quash and traverse the warrant related to the GPS tracking device, and to suppress evidence obtained from the device. The court addressed the motions at the outset of the preliminary hearing on February 18 and March 5, 2020. Miranda testified regarding the initial placement of the tracking device and his efforts to obtain the warrant, but the warrant itself and significant portions of the transcript were sealed due to the ongoing nature of the investigation. The hearing was set to resume on April 14, 2020, but the COVID-19 pandemic intervened and there was a pause in the proceedings. In the interim, Orange County initiated criminal proceedings against Session, and the parties agreed to trail the preliminary hearing in the San Diego case pending the conclusion of the Orange County case. Session was convicted in the Orange County case and sentenced to a term of 21 years 4 months.

The preliminary hearing resumed in San Diego in February 2022, nearly two years after it began. Given the passage of time and the conclusion of the case in Orange County, there was no longer an ongoing investigation to protect. The trial court unsealed the warrant and the transcripts from the prior proceedings. Miranda testified again. He explained that he placed the GPS tracker on the white BMW during the first traffic stop based on his personal knowledge that Session was on active parole. He then backed up the parole search with the warrant, in which he sought to track the vehicle itself, as opposed to Session as the driver. He explained that he knew, based on his previous investigations, that burglary rings often used different

---

[3]     Defense counsel later clarified that the suppression motion was based on the initial placement of the GPS tracking device on the white BMW without a warrant.

vehicles operated by different drivers on different days, so he wanted to be able to track the vehicle even if Session was no longer driving.

After hearing arguments from the parties, the court found "that the original placing of the tracking device was not arbitrary or capricious and was comporting with the statute [on parole conditions, section 3067]." The court also found the warrant was valid and therefore denied both the motion to suppress and the motion to quash or traverse the warrant. The court then found probable cause to bind Session over on the burglary charge.

C.    *The Plea Agreement and Sentencing*

The People filed an information against Session on March 14, 2022. They asserted one count of residential burglary and one count of evading an officer with reckless driving. They also alleged Session had suffered two prior strikes. Session was arraigned that same day, and pled not guilty.

At the next hearing, on April 11, 2022, Session's attorney informed the court, "Your Honor we do have a change of plea in this case. My client will enter a plea of guilty to Count 1 with the understanding that everything else would be dismissed against him. **He is keeping his appeal rights** and he would be sentenced with a due course. The agreement would be concurrent to his Orange County case." (Boldface added.) The written plea form indicated the parties had agreed that Session would be sentenced to the middle term of four years, concurrent with the sentence in the Orange County case. There was a line through Paragraph 8, titled "Appeal Rights" and stating, "I give up my right to appeal from the following: 1) denial of my 1538.5 motion . . . ," and Session did not initial that paragraph.

The trial court accepted the plea, with no further discussion of Session's right to appeal, and subsequently sentenced Session to four years in prison, concurrent with his sentence in the Orange County case.

6

D.     *The Notice of Appeal*

Session's trial counsel filed a notice of appeal on May 17, 2022.  On the notice, she checked a box indicating the appeal "is based on the denial of a motion to suppress evidence under Penal Code section 1538.5."  The notice of appeal did not include a certificate of probable cause.

## II.     DISCUSSION

On appeal, Session maintains that the evidence related to the GPS tracking device should have been suppressed but concedes that his trial counsel failed to preserve the issue for appeal by failing to reassert the motions after Session was arraigned on the information.  He asserts his trial counsel provided ineffective assistance of counsel, both by failing to preserve the issue and by counseling him that he would be able to preserve the issue for appeal, despite entering the plea agreement.  He therefore asks this court to either address the rulings on the suppression motions on the merits, or to remand the matter to provide him an opportunity to withdraw his plea.  We conclude that we are not permitted to do either.

A.     *Appellate Review of the Rulings on the Suppression Motions*

Section 1538.5 governs motions to suppress evidence and provides various grounds upon which a defendant may move to suppress evidence obtained through an improper or unreasonable search.  (§ 1538.5, subd. (a)(1).)  "If the property or evidence relates to a felony offense initiated by a complaint, the motion shall be made only upon filing of an information, except that the defendant may make the motion at the preliminary hearing, but the motion shall be restricted to evidence sought to be introduced by the people at the preliminary hearing."  (*Id.*, subd. (f)(1).)  If the defendant is held to answer at a preliminary hearing, the statute provides further that "the defendant shall have the right to renew or make the motion at a special

7

hearing . . . prior to trial." (*Id.*, subd. (i).) And, as relevant here, section 1538.5, subdivision (m) provides:

> "The proceedings provided for in this section, and Sections 871.5, 995, 1238, and 1466 shall constitute the sole and exclusive remedies prior to conviction to test the unreasonableness of a search or seizure where the person making the motion for the return of property or the suppression of evidence is a defendant in a criminal case and the property or thing has been offered or will be offered as evidence against him or her. **A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that the judgment of conviction is predicated upon a plea of guilty. Review on appeal may be obtained by the defendant provided that at some stage of the proceedings prior to conviction he or she has moved for the return of property or the suppression of the evidence**."

(Boldface added.)

Here, Session brought a motion to suppress evidence pursuant to section 1538.5 during the preliminary hearing but, as he concedes, that was not sufficient to preserve the issue for appeal.

The reason derives from the historical structure of the courts. When section 1538.5 was first enacted, preliminary hearings were held in the municipal or justice courts, with a magistrate judge presiding. (See *People v. Henson* (2022) 13 Cal.5th 574, 593 (*Henson*) [explaining the organization of the courts before and after court unification]; *People v. Lilienthal* (1978) 22 Cal.3d 891, 895–896 (*Lilienthal*).) The magistrates did not preside over the trial court and did not exercise trial court jurisdiction. (*Henson*, at p. 593.) Thus, in *Lilienthal*, the California Supreme Court concluded that a motion to suppress brought during the preliminary hearing did not satisfy the requirement that the motion be brought "at some stage in the proceedings" because such a motion was brought before a magistrate in a

municipal court, and not "in the superior court." (*Lilienthal, supra,* 22 Cal.3d at p. 896.) The Court explained further that "it would be wholly inappropriate to reverse a superior court's judgment for error it did not commit and that was never called to its attention." (*Ibid*.)

Since *Lilienthal*, California courts have gone through the process of unification and there is no longer a clear distinction between municipal courts and superior courts. (*Henson, supra,* 13 Cal.5th at p. 593.) However, superior court judges continue to sit as magistrates when conducting preliminary hearings and, just as before, they do not exercise trial court jurisdiction while serving in that role. (*Ibid.;* see also *People v. Richardson* (2007) 156 Cal.App.4th 574, 584 (*Richardson*) ["It is the role of a *magistrate* to conduct the preliminary examination and determine whether probable cause exists to hold the defendant to answer. (§ 872.)"].) Thus, "even though the magistrate is a superior court judge, the superior court is institutionally distinct from the office of magistrate, which conduct[s] preliminary hearing[s]." (*Henson, supra*, at p. 593.) And, for this reason, if the defendant is held to answer after the preliminary hearing, "the district attorney must [still] file an information 'in the superior court.'" (*Ibid*.)

Accordingly, several courts have more recently found that the rule announced in *Lilienthal* continues to apply, despite the subsequent unification of the court; "if a defendant wants to seek appellate review of a search and seizure issue, he or she must raise that issue before a superior court judge acting in that capacity." (*Richardson, supra*, 156 Cal.App.4th at p. 581; *People v. Garrido* (2005) 127 Cal.App.4th 359, 364 ["The unification of the municipal and superior courts has not abrogated the need for a renewal of a motion to suppress evidence following certification of a case to the superior court."]; *People v. Hoffman* (2001) 88 Cal.App.4th 1, 3 ["court unification did

9

not affect the *Lilienthal* mandate: the defendant must renew the suppression motion before the trial court to preserve the issue for appeal"].)

Session does not dispute the application of this rule in the present case. Because he did not renew his suppression motions before a superior court judge acting in that capacity in the present case, this court is statutorily barred from reviewing the issue on appeal. Session asserts we should nevertheless reach the merits of the issue because the forfeiture was the result of his trial counsel providing ineffective assistance of counsel. As we explain next, we are unable to review that argument as well, because Session has not obtained a certificate of probable cause.

B.    *Appellate Review of Session's Ineffective Assistance of Counsel Claims*

Session asserts his trial counsel provided ineffective assistance of counsel by failing to raise his suppression motions in the superior court, prior to entry of his plea, and by misadvising him that he could nevertheless maintain his right to address the previous rulings on appeal. But Session concedes that he did not obtain a certificate of probable cause before filing the present appeal and, as a result, this court also cannot reach Session's ineffective assistance of counsel claims.

Section 1237.5 provides that " '[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty . . . except where both of the following are met: [¶] (a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings. [¶] (b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court.' " It is well established that only "two types of issues may be raised on appeal following a guilty or nolo plea without the need for a certificate: issues

10

relating to the validity of a search and seizure, for which an appeal is provided under section 1538.5, subdivision (m), and issues regarding proceedings held *subsequent* to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Buttram* (2003) 30 Cal.4th 773, 780, italics added.)

Issues that challenge the propriety of the plea, including contentions that the defendant received ineffective assistance of counsel prior to entering the plea require a certificate of probable cause. (*Richardson*, *supra*, 156 Cal.App.4th at p. 596; *People v. Stubbs* (1998) 61 Cal.App.4th 243, 244–245.) Any error by counsel "in failing to preserve the search and seizure issue for appellate review" or in counseling Session that he would be able to maintain his right to appeal the rulings, despite counsel's failure to preserve the issue, necessarily must have occurred prior to his entry of the plea. (*Richardson*, at p. 596.) Accordingly, they do not fit within the narrow exception to section 1237.5 and cannot be addressed on appeal absent a certificate of probable cause. (*Richardson*, at p. 596.) Because Session admittedly did not obtain a certificate of probable cause, we cannot reach the merits of his ineffective assistance of counsel claims.

Anticipating this result, Session relies on *People v. DeVaughn* (1977) 18 Cal.3d 889, to assert, in the alternative, that he should be given the option to withdraw his guilty plea because it was "induced by misrepresentations of a fundamental nature." (*Id.*, at p. 896; see also *People v. Hollins* (1993) 15 Cal.App.4th 567, and *People v. Burns* (1993) 20 Cal.App.4th 1266.) These contentions likewise "challenge the legality of the proceedings resulting in the plea and would thus be cognizable on appeal *pursuant to section 1237.5*," *if* the defendant obtains a certificate of probable cause. (*DeVaughn,* at p. 896, italics added; § 1237.5; see also *People v. Panizzon* (1996) 13 Cal.4th 68, 76

11

[noting it has long been established that "a certificate must be obtained when a defendant claims that a plea was induced by misrepresentations of a fundamental nature," or "that warnings regarding the effect of a guilty plea on the right to appeal were inadequate"]; *Buttram, supra,* 30 Cal.4th at p. 781 [quoting *Panizzon*].) Notably, the defendant in *DeVaughn* did obtain a certificate for probable cause before filing his appeal. (*DeVaughn,* at p. 893; see also *Hollins*, at p. 569 [defendant obtained a certificate of probable cause].) Because Session failed to do so here, we also decline to grant his alternate request to remand the matter to the superior court to allow him to withdraw his plea.

## III.   DISPOSITION

The judgment is affirmed.

KELETY, J.

WE CONCUR:


O'ROURKE, Acting P. J.


DO, J.