Opinion
 

 BROWN (G. A.), J.
 
 *
 

 I
 

 Introduction
 

 Eduardo Gonzales appeals from a judgment entered on a jury verdict finding him guilty of possession of cocaine for sale (Health & Saf. Code, § 11351) and from his sentence to three years in state prison.
 

 His sole contention on appeal is his oral motion to suppress in the municipal court and his written motion in the superior court pursuant to Penal Code section 1538.5
 
 [1]
 
 were improperly denied. The motion in the municipal court was denied on its merits and the motion in the superior court was denied not on its merits but on the ground it was untimely.
 

 
 *867
 
 II
 

 Facts
 

 A. On Merits
 

 *
 

 B. 1538.5 Procedural Facts
 

 The matter was set for trial on June 25,1990. On June 15,1990, appellant filed and served a noticed motion to suppress evidence pursuant to section 1538.5, subdivision (i), to be heard June 25, 1990, at 9 a.m. (the morning of trial) “or as soon thereafter as the matter may be set for trial . . . .” Trial was continued on two occasions to July 2, 1990. On the morning of July 2 before trial commenced, the trial court denied the motion on the ground it was untimely in that the 10-day notice requirement of section 1538.5, subdivision (i) had not been satisfied. The court also held the requirements of a suppression motion during trial (§ 1538.5, subd. (h)) had not been satisfied in that there was no showing by defendant that he had no opportunity to make the motion before that and no showing defendant was not aware of the grounds for the motion before trial. Appellant does not contest the latter determination.
 

 III
 

 Discussion
 

 A. Procedural Issues
 

 First, appellant argues the motion to suppress made at the preliminary hearing preserved this issue for appellate review regardless of whether the superior court properly ruled untimely the defense motion to suppress evidence made after the case had been assigned for trial, citing section 1538.5, subdivision (m).
 
 [4]
 

 
 *868
 
 Appellant argues the preliminary hearing suppression motion satisfies subdivision (m)’s requirement that a motion be made “at some stage of the proceedings.” Appellant is in error. Case law requires a timely motion in the superior court as a precondition to appellate review of the suppression issue.
 
 (People
 
 v.
 
 Kain
 
 (1989) 212 Cal.App.3d 816, 820-821 [260 Cal.Rptr. 838];
 
 People
 
 v.
 
 Miranda
 
 (1987) 44 Cal.3d 57, 80-81 [241 Cal.Rptr. 594, 744 P.2d 1127].) In
 
 People
 
 v.
 
 Lilienthal
 
 (1978) 22 Cal.3d 891 [150 Cal.Rptr. 910, 587 P.2d 706], our Supreme Court interpreted subdivision (m) “to require that the matter be raised in the superior court to preserve the point for review on appeal, for it would be wholly inappropriate to reverse a superior court’s judgment for error it did not commit and that was never called to its attention.”
 
 (Id.
 
 at p. 896, fn. omitted.)
 

 However, we have also concluded the trial court erred in denying as untimely appellant’s section 1538.5 motion to suppress in the superior court.
 

 Section 1538.5, subdivision (i) provides in pertinent part:
 

 “If the property or evidence obtained relates to a felony offense initiated by complaint and the defendant was held to answer at the preliminary hearing, ... the defendant shall have the right to renew or make the motion in the superior court at a special hearing relating to the validity of the search or seizure which shall be heard
 
 prior
 
 to trial and at least 10 days after notice to the people unless the people are willing to waive a portion of this time. . . .” (Italics added; see also
 
 People
 
 v.
 
 Superior Court
 
 [Edmonds] (1971) 4 Cal.3d 605, 609 [94 Cal.Rptr. 250, 483 P.2d 1202].)
 

 In
 
 Moreno
 
 v.
 
 Superior Court
 
 (1978) 80 Cal.App.3d 932 [146 Cal.Rptr. 35], this court held that the superior court “erred in denying appellant a hearing on the merits of his motion to suppress evidence.”
 
 (Id.
 
 at p. 934.) Discussing section 1538.5, subdivision (i), we noted: “The statute makes it clear that a criminal defendant has a right to a hearing before trial to determine the validity of a search and seizure; it is not a matter of judicial discretion. The statute also makes it clear that the prosecution is entitled to 10 days’ notice of the motion. The only reasonable construction of the notice requirement is that a defendant must file his motion at least 10 days before the date set for trial. . . .”
 
 (Id.
 
 at p. 935.) While the superior court in
 
 Moreno
 
 correctly denied the defendant’s first suppression motion filed less than four days before trial, it erred in refusing to hear a second suppression motion filed more than ten days before the date to which trial had been continued.
 
 (Id.
 
 at p. 936.)
 

 The instant case resembles
 
 Moreno,
 
 but actually presents a more compelling showing of compliance with the statutory time limits. Unlike in
 
 Moreno,
 
 
 *869
 
 here the defense filed only one suppression motion, exactly 10 days before the date set for trial. (Code Civ. Proc., § 12.) Under
 
 Moreno,
 
 the defense had “a right to a hearing before trial to determine the validity of a search and seizure; it is not a matter of judicial discretion. . . .”
 
 (Moreno
 
 v.
 
 Superior Court, supra,
 
 80 Cal.App.3d at p. 935.)
 

 In finding the instant motion untimely, the trial court reasoned that “the defendant has filed a motion to suppress for hearing at this time, at the time of trial.” Therefore, the motion did not qualify as a pretrial suppression motion. In so finding, the court echoed the position of the prosecutor that “[t]his motion is being brought to be heard with the jury trial.” The main support for this characterization appears to be language in the defense notice of motion filed June 15,1990, “that on June 25, 1990 at 9:00 a.m., or as soon thereafter as the matter may be set for trial in the above-entitled court, the defendant, will move to suppress . . . .”
 

 We believe the only reasonable construction of the notice is that, for the convenience of the court and parties, the defense scheduled the suppression motion to be heard on the date set for trial, but before trial commenced, not during the course of trial. Where the defense complied with the 10-day notice requirement, it would be nonsensical to construe the notice as an attempt to schedule the hearing on the motion for a time at which it could only be heard if the defense made the additional showing defined in section 1538.5, subdivision (h).
 

 Subsequent minute orders reflect the motion and the trial were intended to be separate procedural events, albeit scheduled for the same day. There is no question but that the motion would have been timely had the court heard it before transferring the underlying case to a trial department. This being the case, to permit the trial court to deprive the defense of its suppression remedy by assigning out the case
 
 before
 
 ruling on the motion would be highly unfair and not serve the ends of justice.
 

 For these reasons, we hold the defense properly raised the suppression issue in the superior court.
 

 Having so held, the posture of the case raises the issue of whether, under the circumstances of this case, this court can reach the merits of the motion though the superior court did not pass on the merits.
 

 Subdivision (i) of section 1538.5 provides, in pertinent part:
 

 “If the [suppression] motion was made at the preliminary hearing, unless otherwise agreed to by all parties, evidence presented at the special hearing
 
 *870
 
 shall be limited to the transcript of the preliminary hearing and to evidence which could not reasonably have been presented at the preliminary hearing, except that the people may recall witnesses who testified at the preliminary hearing. . . . The superior court shall base its ruling on all evidence presented at the special hearing and on the transcript of the preliminary hearing, and the findings of the magistrate shall be binding on the superior court as to evidence or property not affected by evidence presented at the special hearing. . . .”
 

 Under subdivision (i), as appellant recognizes, where the matter is submitted on the preliminary hearing transcript, neither the trial court nor this court acts as a trier of fact. Rather, both the trial court and this court simply review the magistrate’s ruling, applying the law to the facts viewed in the light most favorable to the magistrate.
 

 This assumes, of course, the motion in the superior court would have been submitted on the evidence presented at the preliminary hearing. Appellant does not argue he was deprived of the right to present evidence in the superior court. In fact, in his supplemental brief he states “[appellant] was given a full hearing on the issue in municipal court. (See
 
 People
 
 v.
 
 Ciraco
 
 (1986) 181 Cal.App.3d 1142, 1144-47.) The reason this is true is that a defendant is entitled to only one full hearing on a motion to suppress, and when that motion is made at a preliminary hearing, the superior court will not hold a de novo hearing on the suppression motion.
 
 (Anderson
 
 v.
 
 Superior Court
 
 (1988) 206 Cal.App.3d 533, 544.)”
 

 Moreover, nothing in the record suggests appellant was prepared on the day of trial to present new evidence, let alone to show that such evidence “could not reasonably have been presented at the preliminary hearing.” (§ 1538.5, subd. (i).) Defense counsel did not indicate that he anticipated a partial de novo hearing or that he intended to try to call additional witnesses. The record does not indicate that any witnesses had been subpoenaed or had voluntarily appeared for the scheduled suppression hearing.
 

 Accordingly, the superior court would have utilized the same facts—those found by the magistrate at the preliminary hearing—as we will apply.
 

 Appellant contends that the trial court’s failure to reach the merits of the suppression issue prejudiced him because that court might have reached a contrary conclusion and granted the motion and the people might not have appealed. Gonzales does not fully develop this argument. However, since this court and the trial court would apply the identical facts and law, should this court decide that the law required the denial of the suppression motion,
 
 *871
 
 it necessarily follows that Gonzales was not prejudiced when the trial court refused to reach the merits.
 

 Otherwise stated, this court must presume that the trial court would have applied the correct law and reached the right result. This court will not presume that the trial court would have done the opposite. While it is possible that the trial court might have erroneously granted the suppression motion, Gonzales suffered no cognizable prejudice when he lost the opportunity to have the trial court err in his favor.
 

 Accordingly, we pass to the merits of the motion.
 

 B. Merits
 

 *
 

 Disposition
 

 The judgment is affirmed.
 

 Best, P. J., and Buckley, J., concurred.
 

 See footnote, ante, page 1428.
 

 *
 

 Retired Presiding Justice of the Court of Appeal, Fifth District, sitting under assignment by the Chairperson of the Judicial Council.
 

 [1]
 

 All statutory references are to the Penal Code unless otherwise indicated.
 

 *
 

 See footnote,
 
 ante,
 
 page 1428.
 

 [4]
 

 Section 1538.5, subdivision (m) provides, in pertinent part: “A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that such judgment of conviction is predicated upon a plea of guilty. Such review on appeal may be obtained by the defendant providing that at some stage of the proceedings prior to conviction he . . . has moved for . . . the suppression of the evidence.”