[No. F025194. Fifth Dist. May 14, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
RAYMOND HENRY CALLAHAN, Defendant and Appellant.

**[Opinion certified for partial publication.†]**

†Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

## COUNSEL

Victor S. Haltom, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Edgar A. Kerry, Jane A. Cardoza and Robert P. Whitlock, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

ARDAIZ, P. J.—Appellant, Raymond Henry Callahan, was charged by an amended criminal complaint filed in Tulare County Municipal Court, Tulare-Pixley Division, with one count of selling or transporting methamphetamine in violation of Health and Safety Code section 11379, subdivision (a), a felony; one count of possessing an injection device in violation of Health and Safety Code section 11364, subdivision (a), a misdemeanor; one count

of possessing less than 28.5 grams of marijuana in violation of Health and Safety Code section 11357, subdivision (b), a misdemeanor; and using or being under the influence of a controlled substance in violation of Health and Safety Code section 11550, also a misdemeanor. Appellant entered not guilty pleas to each of the offenses and the matter proceeded to preliminary hearing.

On the date scheduled for that hearing, appellant brought a motion to suppress pursuant to Penal Code section 1538.5.[1] After appellant's motion to suppress was denied, he pleaded guilty to one count of simple possession of methamphetamine in violation of Health and Safety Code section 11377, subdivision (a); one count of possessing an injection device in violation of Health and Safety Code section 11364, subdivision (a); and one count of using or being under the influence of a controlled substance in violation of Health and Safety Code section 11550. It was agreed that the remaining marijuana possession charge would be dismissed at sentencing.

On the date set for imposition of judgment, appellant asked that he be allowed to withdraw his plea because he felt that the issue regarding his consent to search was not pursued aggressively enough. He also stated his belief that, despite the court's ruling to the contrary, the officers did not have grounds to stop him in the first instance. The judge, who happened to be the same judge who heard and ruled on appellant's suppression motion, denied appellant's request to withdraw his plea on this ground. At the request of defense counsel, the court indulged appellant and allowed him to personally voice his concerns over its ruling on the motion to suppress. After appellant explained his position, the sentencing court advised him that his remedy, if he believed the court's ruling erroneous, was to appeal that decision. The sentencing judge again denied appellant's motion to withdraw his plea and proceeded to impose judgment.

The court granted appellant probation on the condition, inter alia, that he serve a total of 180 days in the local jail. It then dismissed the marijuana possession charge. In response to defense counsel's request that appellant be granted a stay of his sentence pending a ruling by the appellate court, the sentencing court stayed the sentence for a period of just under one month and indicated that it would make "whatever further orders [were] needed" if appellant subsequently satisfied the court that he had actually filed a notice of appeal.

Appellant did not renew his motion to suppress in the superior court.

A notice of appeal was timely filed with the superior court on December 29, 1995.

---

[1] All future statutory references are to the Penal Code unless otherwise indicated.

## DISCUSSION

Appellant raises, in essence, three issues on appeal: (1) whether his counsel's failure to renew his motion to suppress in the superior court precludes him from raising the issue here; (2) if not, did the lower court err when it denied his motion based on its belief that appellant's consent to search was voluntarily obtained; and (3) if we answer the first question affirmatively, did defense counsel's failure to renew the motion in superior court amount to ineffective assistance of counsel. We find that we have jurisdiction to hear this appeal and affirm the judgment.

### I

### *Issues Bearing on Our Jurisdiction to Hear This Appeal*

■ It is well settled that the right to appeal is not constitutionally mandated but is instead statutorily governed; it is therefore subject to complete legislative control. (E.g., *People* v. *Chi Ko Wong* (1976) 18 Cal.3d 698, 709 [135 Cal.Rptr. 392, 557 P.2d 976], disapproved on other grounds in *People* v. *Green* (1980) 27 Cal.3d 1, 33-34 [164 Cal.Rptr. 1, 609 P.2d 468]; *Trede* v. *Superior Court* (1943) 21 Cal.2d 630, 634 [134 P.2d 745]; *Superior Wheeler C. Corp.* v. *Superior Court* (1928) 203 Cal. 384, 386 [264 P. 488]; *In re Rottanak K.* (1995) 37 Cal.App.4th 260, 265 [43 Cal.Rptr.2d 543]; *In re Conley* (1966) 244 Cal.App.2d 755, 759 [53 Cal.Rptr. 321], and cases cited therein.) The Legislature has the power to change the procedure, limit the right, or even abolish the right to appeal altogether. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 2, p. 33, and § 37, p. 60.)

The Legislature has used this power to limit our ability to hear criminal appeals that follow the entry of a guilty plea. In such cases, the defendant must, as a general rule, obtain a certificate of probable cause from the trial court before he or she will be allowed to appeal from the judgment of conviction based on the entry of such a plea. (§ 1237.5.) ■ One exception to this requirement can be found in section 1538.5, subdivision (m) which provides that "[a] defendant may seek . . . review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that the judgment of conviction is predicated upon a plea of guilty. Review on appeal may be obtained by the defendant provided that at some stage of the proceedings prior to conviction he or she has moved for the . . . suppression of the evidence." (§ 1538.5, subd. (m); accord, *People* v. *Panizzon* (1996) 13 Cal.4th 68, 74 [51 Cal.Rptr.2d 851, 913 P.2d 1061]; Cal. Rules of Court, rule 31(d).)

Appellant concedes that he did not renew his motion in superior court[2] and acknowledges the general rule that a defendant must tender the illegality of a search to the superior court in order to preserve the issue for appeal (citing *People* v. *Lilienthal* (1978) 22 Cal.3d 891, 896-897 [150 Cal.Rptr. 910, 587 P.2d 706]; *People* v. *Burns* (1993) 20 Cal.App.4th 1266, 1272 [25 Cal.Rptr.2d 230]; *People* v. *Dossman* (1991) 235 Cal.App.3d 1433, 1437 [1 Cal.Rptr.2d 489]; and *People* v. *Kain* (1989) 212 Cal.App.3d 816, 821 [260 Cal.Rptr. 838]), but insists that the general rule has no application here. He instead believes that section 1538.5, subdivision (m), when read in conjunction with the 1992 amendments to sections 859a and 1466, provides for direct review of the municipal court's ruling on his motion to suppress where, as here, the ruling on the suppression motion, the taking of the plea, and the imposition of judgment all occur before the same municipal court judge.

Respondent contends section 859a clearly states the municipal court has the power to certify the case to the court where imposition of judgment is to occur and that, in the event it retains the case, then any future proceedings shall be deemed as though they were conducted in that court. Respondent notes that the case was certified to the superior court and thus reasons that the imposition of judgment took place in the superior and not the municipal court. Accordingly, respondent argues that *People* v. *Lilienthal, supra,* 22 Cal.3d at p. 896; *People* v. *Gonzales* (1991) 233 Cal.App.3d 1428, 1432 [285 Cal.Rptr. 218]; and *People* v. *Kain, supra,* 212 Cal.App.3d at pages 820-821, required appellant to renew his motion in superior court or be precluded from doing so on appeal. Respondent sees no difference between the sequence of events in this case and those of *People* v. *Burns, supra,* 20 Cal.App.4th 1266, 1270, where the appellate court found that the defendant's failure to raise the suppression issue in superior court was a procedural defect which proved fatal to the appeal. Respondent asks that we adopt the rationale of *Burns* and dismiss this appeal.

We believe that section 1538.5, subdivision (m), when read in light of section 1462 and the 1992 amendments to sections 859a and 1466, provides

---

[2]In the alternative, appellant argues that, due to the trial court consolidation which occurred *after* these events and a blanket assignment then in effect that "cross-designat[ed]" Judge Staven as both a municipal and superior court judge, all of the relevant events in this case took place before a superior court judge. As such, he reasons that the general rule has thus been satisfied and the appeal is properly before us.

We do not believe that trial court consolidation would change the characterization of events which preceded its implementation. As to the other point raised by appellant we note that he has failed to identify any authority for the proposition needed to support his claim that once a judge has been empowered to act as a municipal and a superior court judge, that said judge will thereafter act in both capacities in all of the pre-trial-court-consolidation cases that come before him or her. Consequently, we need not address this contention. (*People* v. *Hardy* (1992) 2 Cal.4th 86, 150 [5 Cal.Rptr.2d 796, 825 P.2d 781], citing *People* v. *Wharton* (1991) 53 Cal.3d 522, 563 [280 Cal.Rptr. 631, 809 P.2d 290].)

for direct review of a municipal court's ruling on a section 1538.5 motion to suppress where, as here, the ruling on the suppression motion, the taking of the plea, and the imposition of judgment all occur within the municipal court.

As previously noted, a criminal defendant may seek review of the validity of the search and seizure provided "that *at some stage of the proceedings* prior to the conviction he or she has moved for the . . . suppression of the evidence." (§ 1538.5, subd. (m), italics added.) In *Lilienthal*, our high court interpreted the italicized language to mean only those proceedings conducted in superior court. (*People v. Lilienthal, supra*, 22 Cal.3d at p. 896; accord, *People v. Burns, supra*, 20 Cal.App.4th at p. 1271.) But we cannot blind ourselves to the circumstances in which the high court made this decision.

In *Lilienthal*, the defendant brought a motion to suppress in municipal court where it was denied and he was held to answer on all charges. (*People v. Lilienthal, supra*, 22 Cal.3d at p. 895.) In the superior court, he moved to dismiss the information pursuant to section 995 on the ground that the only substantial evidence in support of the information was obtained in violation of the Fourth Amendment. (22 Cal.3d at p. 895.) When that motion was denied, he pleaded guilty to one count, the remaining counts were dismissed, and he was ultimately sentenced to prison. (*Ibid.*)

The defendant appealed from the judgment pursuant to section, inter alia, 1538.5, subdivision (m), raising only the search and seizure issue. (*People v. Lilienthal, supra*, 22 Cal.3d at p. 895.) The People disputed his right to appeal on this basis arguing that section 1538.5 should not be read in a manner that would allow him to bypass the superior court. (22 Cal.3d at pp. 895-896.) The high court agreed noting "that it should be interpreted to require that the matter be raised in the superior court to preserve the point for review on appeal, for it would be wholly inappropriate to reverse a superior court's judgment for error it did not commit and that was never called to its attention." (*Id.* at p. 896.)

At the time *Lilienthal* was decided, section 859a provided that upon acceptance of a guilty plea to a felony offense not punishable by death, the magistrate "may then fix a reasonable bail as provided by this code, and upon failure to deposit such bail or surety, shall immediately commit the defendant to the sheriff and *certify the case*, including a copy of all proceedings therein and such testimony as in his discretion he may require to be taken, *to the superior court, and thereupon such proceedings shall be had as if such defendant had pleaded guilty in such court.*" (§ 859a, subd. (a), as amended by Stats. 1970, ch. 373, § 1, p. 789, italics added.) The certification

to superior court was necessary because the magistrate had no authority under the pre-1992 amendment to section 1462 to impose judgment in noncapital felony cases. Its sentencing jurisdiction, in criminal matters, was limited to those cases involving misdemeanors and/or violations of city or county ordinances which occurred within its district. (Former § 1462.)

The process by which to appeal a municipal court judgment was set forth in section 1466. At the time of *Lilienthal*, that section provided that "[a]n appeal may be taken from a judgment or order of an inferior court, in a criminal case, to the superior court of the county in which such inferior court is located . . . [b]y the defendant [f]rom a final judgment of conviction. A sentence [or] an order granting probation . . . shall be deemed to be a final judgment within the meaning of this section."

In 1991, the Legislature enacted Assembly Bill No. 195 which redefined the roles of the superior and the municipal courts by adding subdivisions (b) and (c) to section 1462. As pertinent, those subdivisions now provide:

"(b) Each municipal . . . court shall have jurisdiction in all noncapital criminal cases to receive a plea of guilty or nolo contendere, appoint a time for pronouncing judgment under Section 859a, pronounce judgment, and refer the case to the probation officer if eligible for probation.

"(c) The superior courts shall have jurisdiction in all misdemeanor criminal cases to receive a plea of guilty or nolo contendere, appoint a time for pronouncing judgment, and pronounce judgment."

Then, in 1992, the Legislature enacted Senate Bill No. 839 which amended section 859a, to provide as follows:

"(a) If the public offense charged is a felony not punishable with death, the magistrate shall immediately upon the appearance of counsel for the defendant read the complaint to the defendant and ask him or her whether he or she pleads guilty or not guilty to the offense charged therein . . . . While the charge remains pending before the magistrate and when the defendant's counsel is present, the defendant may plead guilty to the offense charged, or, with the consent of the magistrate and the district attorney . . . plead . . . guilty . . . to any other offense the commission of which is necessarily included in that with which he . . . is charged . . . . Upon accepting the plea of guilty . . . the magistrate shall certify the case, including a copy of all proceedings therein and any testimony that in his or her discretion he or she may require to be taken, *to the court in which judgment is to be pronounced* at the time specified under subdivision (b), *and thereupon the proceedings shall be had as if the defendant had pleaded guilty in that court. . . .*

"(b) Notwithstanding Section 1191 or 1203, the magistrate shall, upon the receipt of a plea of guilty or nolo contendere . . . immediately appoint a time for pronouncing judgment *in the superior court, municipal court, or justice court* and refer the case to the probation officer if eligible for probation, as prescribed in Section 1191." (§ 859a, as amended by Stats. 1992, ch. 78, § 1, italics added.)

Senate Bill No. 839 also amended section 1466 so that its relevant provisions now read:

"(a) An appeal may be taken from a judgment or order of an inferior court, in *an infraction or misdemeanor* case, to the superior court of the county in which the inferior court is located, in the following cases:

" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(2) By the defendant:

"(A) From a final judgment of conviction. A sentence, an order granting probation, . . . shall be deemed to be a final judgment within the meaning of this section. . . .

"(B) From any order made after judgment affecting his or her substantial rights.

"(b) An appeal from *the judgment or appealable order of an inferior court in a felony case* is to the court of appeal for the district in which the court is located." (§ 1466, as amended by Stats. 1992, ch. 78, § 2, italics added.)

In passing the 1992 legislation that amended sections 859a and 1466, the Legislature expressly declared that "[e]xisting law provides that an appeal may be taken from a judgment or order of an inferior court in a criminal case to the superior court, as specified. [¶] This bill would, instead, specify that an appeal may be taken in an infraction or misdemeanor case to the superior court [and] would also provide that an appeal from the judgment or appealable order of an inferior court in a felony case is to the court of appeal for the district in which the court is located." (Legis Counsel's Dig., Sen. Bill No. 839, Stats. 1992, ch. 78.)

This expression of legislative intent, and the statutory language used to accomplish this goal, clearly show the Legislature intended to alter the appellate process for guilty pleas in noncapital felony cases that result in a judgment of conviction being entered in the municipal court. In light of these changes, we believe section 1538.5's language requiring the defendant to raise the validity of the search "at some stage of the proceedings" as a

prerequisite to appellate review must now be read to include those motions made in the municipal court but only if the entry of the plea and the imposition of judgment both occur in the municipal court.

The next question the parties urge us to decide is whether the judgment of conviction issued in this case emanated from the municipal court. The parties agree that the hearing on the suppression motion and the taking of the plea both occurred before Judge Staven sitting as a municipal court judge. They also agree that Judge Staven presided over the sentencing proceedings. Where they disagree is whether he did so as a municipal or superior court judge. Their disagreement is well founded as the record related to these proceedings is far from clear as to which capacity Judge Staven was acting when he imposed judgment in this case.

The reporter's transcript of the suppression motion indicates that it was heard in department 2 of the municipal court before Judge Staven. According-ing to the printed portion of the minute order that reflects the denial of the motion and the entry of the plea, the matter was heard in the municipal court and certified to the superior court for all further proceedings. The handwrit-ten portion of this same minute order, however, shows that appellant entered his plea in the Tulare-Pixley District of the Tulare Courts and that appellant was ordered to appear at the "Tulare Court," and not the superior court, for his sentencing hearing on October 31, 1995. The language identifying the superior court as the sentencing court was actually lined out in this docu-ment. The printed minute order for the sentencing hearing indicates that those proceedings were conducted in department 2 of the superior court before Judge Staven but the reporter's transcript shows that it was conducted in department 2 of the municipal court before Judge Staven.

For our purposes, what is clear is that everything occurred before Judge Staven. Judge Staven is presumed to know of his power to impose judgment under sections 859a and 1462, subdivision (b). (See Evid. Code, § 664 [in the absence of any indication to the contrary we presume official duties are properly performed]; *People* v. *Wader* (1993) 5 Cal.4th 610, 661 [20 Cal.Rptr.2d 788, 854 P.2d 80] [same]; *People* v. *Visciotti* (1992) 2 Cal.4th 1, 49 [5 Cal.Rptr.2d 495, 825 P.2d 388] [same].) The fact that he retained jurisdiction over the matter suggests that he was aware of this authority. Indeed, it would be nonsensical for him to retain jurisdiction over the case in which he acted as a municipal judge only to sentence appellant in his capacity as a superior court judge—particularly since he was not required to do so under the current versions of sections 859a and 1462. The bottom line to all of this is that the ruling on the motion, the entry of the plea, and the judgment of conviction came out of but one court. The result is that the judgment of conviction is appealable under section 1538.5, subdivision (m).

Respondent's reliance on *People* v. *Lilienthal, supra*, 22 Cal.3d 891, *People* v. *Burns, supra*, 20 Cal.App.4th 1266, *People* v. *Kain, supra*, 212 Cal.App.3d 816, and *People* v. *Gonzales, supra*, 233 Cal.App.3d 1428 is misplaced in that none of these cases interpreted section 1538.5's requirements for appellate review in light of section 1462 and the 1992 amendments to sections 859a and 1466. " 'It is axiomatic,' of course, 'that cases are not authority for propositions not considered.' . . ." (*People* v. *Jones* (1995) 11 Cal.4th 118, 123, fn. 2 [44 Cal.Rptr.2d 164, 899 P.2d 1358], citation omitted.)

## II

### *Issues Bearing on Appellant's Consent to Search*[3]*

. . . . . . . . . . . . . . . . . . . . . . . . .

## III

### *Issues Bearing on the Competency of Counsel Claim*

Appellant contends that trial counsel's failure to take the steps necessary to preserve the suppression issue for appeal constitutes "patently prejudicial incompetence." He maintains that the simple fact he was denied his right to review is all that he need show to establish prejudice.

Respondent urges us to deny appellant's ineffective assistance of counsel based on his failure to show that he was prejudiced as a result since the motion was properly denied below.

In light of our finding that appellant has the right to appeal the lower court's denial of his motion to suppress, there is no need to address appellant's claimed deprivation of effective counsel. The judgment is affirmed.

Stone (W. A.), J., and Thaxter, J., concurred.

A petition for a rehearing was denied June 9, 1997, and appellant's petition for review by the Supreme Court was denied August 20, 1997.

---

[3]In the unpublished portion of this opinion we conclude the trial court was correct in upholding the search in the instant case.

*See footnote, *ante*, page 1419.