Filed 3/10/14  P. v. Marquez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073544 |
| v. | (Super. Ct. No. 62115452) |
| JESUS JOE MARQUEZ, JR., | |
| Defendant and Appellant. | |

After the magistrate denied his suppression motion at the preliminary hearing, defendant Jesus Joe Marquez pleaded no contest to transportation of methamphetamine. The trial court sentenced defendant to a stipulated term of three years in county jail.

Defendant now contends the magistrate erred in denying his  motion to suppress evidence.  He admits that because his trial counsel did not renew the suppression motion after the complaint was deemed an information, he has not preserved the issue for review on appeal.  Nonetheless, he argues we must review the merits of his contention because

1

his trial counsel provided ineffective assistance in failing to renew the suppression motion after the complaint was deemed an information.

We agree with defendant that because his trial counsel did not renew the suppression motion after the complaint was deemed an information, he has not preserved the issue for review on appeal. As for his claim of ineffective assistance, defendant fails to show that counsel had no satisfactory rationale for failing to reassert the suppression motion in the superior court.

We will affirm the judgment.

BACKGROUND

Placer County Sheriff's Deputy Scott Dow was on patrol at around 8:15 p.m. on April 23, 2012, when he saw a Ford Focus driven by defendant following a car too closely. When defendant turned the car erratically to the left, Deputy Dow initiated a traffic stop. Defendant pulled his car over at a convenience store on Dry Creek Road and Highway 49 in Auburn. There was less than full daylight, but Deputy Dow could not recall whether the sun had set.

Deputy Dow parked and called for assistance from another deputy. He then contacted defendant, the sole occupant of the car. Defendant gave his name and address when asked. He told the deputy he did not have a driver's license; a records check with dispatch confirmed defendant's driver's license had been suspended. Deputy Dow cited defendant and had him exit the car to sign the citation.

Deputy Dow asked defendant where he was coming from; defendant responded that he was coming from a trailer park near the Taco Bell restaurant by Highway 49. Deputy Dow was familiar with the trailer park, which had a reputation for a higher crime rate than other areas of Auburn. He asked defendant for permission to search the car, which was granted.

Asked at the preliminary hearing if he had any concerns for his safety on the night of the search, Deputy Dow replied: "There is always concern with people walking

2

around at the gas station behind you and all of the traffic that is around you." Asked how that related to the search of the car, Deputy Dow said: "Well, at the time I related to how the suspect was -- his reactions to me. I mean[,] he was hanging his head, not paying attention to me. So at that time I decided to take him out of the car. That is when I wanted to pat search him for my safety because he just wasn't acting normal at that time."

Deputy Dow felt more vulnerable when he was searching a vehicle. He was part of a K-9 unit, so he could not put another person in his car. There were "all kinds of other traffic" around him, and "all kinds of threats in that area to an officer." He was "not going to bend into a car and start going through things with [his] back to anyone there, nor the suspect." He also considered his lack of backup,[1] defendant having come from a high crime area, and the time of day as additional reasons to be concerned about his safety.

Deputy Dow testified that he had experience dealing with people who had recently used methamphetamine. Asked if defendant's behavior was consistent with recent methamphetamine use, Deputy Dow replied: "He wasn't as agitated as some that I have seen, but, yes, he was not acting normal. There was definitely something wrong with the way that he was acting and not wanting to make contact with me, hanging his head, not wanting to make eye contact. It was -- definitely had the hairs up on the back of my neck that something else was going on here."

Deputy Dow believed it was possible that defendant had a weapon, so he conducted a patdown search of defendant, and discovered a rock type object sliding on plastic in defendant's right front pocket. When Deputy Dow asked defendant what the object was, defendant replied, "you know." Defendant's response confirmed Deputy

_____

[1] A backup officer did not arrive until either Deputy Dow started his patdown search of defendant or when he searched defendant's car after the patdown.

3

Dow's suspicion that the object was an illegal drug. He took the object from defendant, a white powdery crystal substance consistent with methamphetamine that weighed 2.92 grams including packaging. The substance was later confirmed to be 1.98 grams net weight of methamphetamine.

Deputy Dow placed defendant in handcuffs and sat him on the front of his patrol car. He searched defendant's car and found a small blue ice chest containing 25 plastic baggies, a scale, and two cell phones.

Defendant moved to suppress the evidence obtained during the search of his person and his car (Pen. Code, § 1538.5), claiming he was detained without reasonable suspicion or probable cause. The magistrate denied the suppression motion, ruling that the patdown search was appropriate under the circumstances and that "everything else falls into place" from that. The magistrate noted that Deputy Dow was by himself, it was evening, and defendant was acting strangely. The magistrate said that because Deputy Dow would have to turn his back on defendant to search the car, a patdown search was the least intrusive means of ensuring Deputy Dow's safety. After further argument from counsel, the magistrate held defendant to answer and deemed the complaint an information.

Defendant did not renew the suppression motion after the complaint was deemed an information. Instead, he waived arraignment, the prosecutor requested a recess to speak with defense counsel, and following the recess, defendant pleaded no contest to transportation of methamphetamine. (Health & Saf. Code, § 11379, subd. (a).) As part of the plea agreement, the People agreed to dismiss a remaining charge of possession of methamphetamine for sale, and also agreed to dismiss all charges in an unrelated case. The trial court sentenced defendant to a stipulated term of three years in county jail.

DISCUSSION

Defendant contends the magistrate erred in denying the motion to suppress evidence. Defendant argues Deputy Dow did not have reasonable suspicion to conduct a patdown search.

However, defendant recognizes that because his trial counsel did not renew the suppression motion after the complaint was deemed an information, he has not preserved the issue for review on appeal. We agree.

Where an information has been filed, a defendant must renew the suppression motion in superior court in order to preserve the issue of the legality of a search for appeal. (*People v. Lilienthal* (1978) 22 Cal.3d 891, 896-897.) Trial court unification has not altered this rule. (*People v. Garrido* (2005) 127 Cal.App.4th 359, 364 (*Garrido*); *People v. Hart* (1999) 74 Cal.App.4th 479, 485-486 (*Hart*).) Accordingly, his failure to renew the suppression motion after the complaint was deemed an information forfeits his contention on appeal.

Defendant nonetheless argues that we must review the merits of his contention because his trial counsel provided ineffective assistance in failing to renew the suppression motion.

Generally, "a claim of ineffective assistance is more appropriately made in a habeas corpus proceeding, in which the attorney has the opportunity to explain the reasons for his or her conduct." (*People v. Wilson* (1992) 3 Cal.4th 926, 936.) On an appeal, "a reviewing court will reverse a conviction on the ground of inadequate counsel 'only if the record on appeal affirmatively discloses that counsel had no rational tactical purpose for his act or omission.' [Citations.]" (*People v. Frye* (1998) 18 Cal.4th 894, 979-980, disapproved on other grounds in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.) " 'If the record contains no explanation for the challenged behavior, an appellate court will reject the claim of ineffective assistance "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory

5

explanation." [Citation.]' " (*Hart, supra*, 74 Cal.App.4th at p. 486.) "[I]n the absence of an explanation in the record, appellate courts should not speculate that trial counsel's failure to present a particular defense resulted from incompetence. To justify relief, appellant must be able to point to something in the record showing that counsel had no satisfactory rationale for what was done or not done." (*People v. Pope* (1979) 23 Cal.3d 412, 426, fn. 16, disapproved on other grounds in *People v. Berryman* (1993) 6 Cal.4th 1048, 1081, fn. 10.)[2]

Defendant asserts there was no rational tactical reason for failing to renew the suppression motion. He says this is demonstrated by the fact that the notice of appeal indicates the appeal is based on denial of the suppression motion. But the notice of appeal was prepared by defendant in propria persona and does nothing to establish trial counsel's tactical decisions.

Trial counsel was never given the opportunity to explain his failure to renew the suppression motion. Instead, the prosecutor and defense counsel spoke off the record soon after the trial court held defendant to answer, and defendant entered into a plea agreement which included dismissal of various charges in this case and another case. Here, as in *Hinds, supra,* 108 Cal.App.4th 897, "the availability of the plea bargain accepted by the defendant may have been dependent upon not further pursuing the

---

[2] Defendant argues this case is more like *Hart, supra*, 74 Cal.App.4th 479, and *People v. Callahan* (1997) 54 Cal.App.4th 1419 (*Callahan*). But those cases are inapposite. The defendant in *Hart* proceeded through a jury trial after the denial of his suppression motion. (*Hart, supra*, 74 Cal.App.4th at p. 483; *People v. Hinds* (2003) 108 Cal.App.4th 897, 902 (*Hinds*).) And *Callahan* was a preunification case (*Garrido, supra*, 127 Cal.App.4th at p. 365) in which the ruling on the suppression motion, the taking of the plea, and the imposition of judgment all occurred in the municipal court. (*Callahan, supra,* 54 Cal.App.4th at p. 1424.)

suppression motion." (*Id*. at p. 902.)  Accordingly, we reject defendant's ineffective assistance claim.

## DISPOSITION

The judgment is affirmed.

                                           MAURO             , J.

We concur:

                 HULL            , Acting P. J.

               DUARTE         , J.