Filed 9/10/21  P. v. Birkenshaw CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Modoc)

----

| | |
|---|---|
| THE PEOPLE, | C092119/C092120 |
| Plaintiff and Respondent, | (Super. Ct. Nos. F18296, F19175) |
| v. | |
| ALLEN EDWARD BIRKENSHAW, | |
| Defendant and Appellant. | |

Defendant Allen Edward Birkenshaw appeals from the judgment entered in his consolidated cases.  Pertinent to this appeal, defendant entered a plea of no contest to being a prohibited person in possession of a firearm.  Defendant challenges the denial of his motion to suppress at the preliminary hearing.  Anticipating our finding of forfeiture, he further contends his counsel was ineffective for failing to renew the motion to suppress challenge before the superior court (thus foreclosing review of his claim of error on appeal), and failing to include in the motion to suppress a challenge to the search of his truck.  Finding no merit in these contentions, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

I

*The Charges, Pleas, And Sentencing*

In case number F18296, defendant was charged with possession of methamphetamine while armed with a firearm, possession of a firearm by a felon, possession of a firearm by a prohibited person, possession of ammunition, and misdemeanor resisting a police officer. Defendant filed a motion to suppress all evidence obtained through an allegedly illegal sweep of his home, which was denied.

In case number F19175, defendant was charged with possession of a weapon commonly known as a blackjack, slungshot, billy, sandclub, sap, or sandbag, failure to appear on his own recognizance in case number F18296 (with an associated enhancement), and two counts of misdemeanor resisting a police officer.

The parties reached a global resolution in the foregoing two cases and two other cases. Defendant entered pleas of no contest to the charge of possession of a firearm by a prohibited person in case number F18296 and the failure to appear and misdemeanor resisting a police officer counts in case number F19175. The remaining counts in those two cases were dismissed with *Harvey*[1] waivers. Defendant was released on his own recognizance.

Defendant thereafter failed to appear for sentencing and the trial court issued a bench warrant. At a subsequent hearing, the trial court treated the pleas as an open plea, denied defendant's application for probation, and sentenced him to a total two years, eight months in state prison.

Defendant appeals and obtained a certificate of probable cause to do so.

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

## II

*The Motion To Suppress Preliminary Hearing Evidence*

Modoc County Sheriff's Deputy Ryan Cooley testified that he and other officers went to defendant's house to investigate two reports of misdemeanor vandalism; defendant was a suspect in committing the crimes.

When Deputy Cooley arrived at defendant's house, he saw a pickup truck. Deputy Cooley knocked on the front door but received no response. He then looked into the windows of the truck and saw a tan soft-sided gun case on the back seat, which appeared to contain something in it. Undersheriff Tex Dowdy, who was accompanying Deputy Cooley, then told Deputy Cooley he had heard "a clicking noise made from a revolver style pistol" "coming from the direction of the residence." The officers drew their guns and "took up defensive positions facing the residence." Deputy Cooley did so because he had "previously been made aware of other contacts between law enforcement and [defendant]."

After approximately 10 to 15 minutes, defendant opened the front door and walked outside. Deputy Cooley identified himself and asked defendant to raise his hands. Defendant "moved his hands away from his waist and away from him" but "did not put them directly straight up." Deputy Cooley and another officer approached the house and ordered defendant on the ground, but defendant failed to comply. The officers then forced defendant to the ground and handcuffed him. A search of defendant's person revealed no weapons. "Upon getting him successfully in custody," Deputy Cooley and Undersheriff Dowdy entered defendant's home to perform a sweep for officer safety because they were unsure whether someone else was inside the home. During the course of the protective sweep, Deputy Cooley saw a box of live ammunition and a soft-sided, long-gun case in plain view; he did not touch the items. Once the home was cleared and Deputy Cooley had left the house, the sheriff's office obtained a search warrant for the house and any outbuildings or vehicles.

3

Deputy Cooley searched the truck pursuant to the search warrant and found a loaded .22-caliber rifle, methamphetamine paraphernalia, and a bindle of methamphetamine. In the house, Deputy Cooley further found approximately 5,136 rounds of ammunition.

The magistrate denied the motion to suppress stating, "it's the Court's understanding that the current suppression motion is limited to the issue of whether or not law enforcement officers on the scene had a legal right to enter the Defendant's residence without a warrant in order to ensure that there were no other occupants of the residence who might present a threat to them. [¶] And the Court has found that they did in fact have that right, and the record has reflected further that the house was secured, no one was allowed to enter."

DISCUSSION

I

*Defendant's Challenge To The Motion To Suppress Ruling Is Forfeited*

Defendant contends the magistrate erred in denying his motion to suppress at the preliminary hearing, requesting we reverse the magistrate's ruling. We cannot do so through this appeal because defendant forfeited the claim by failing to renew the motion in the trial court. (*People v. Lilienthal* (1978) 22 Cal.3d 891, 896 [a defendant must seek review of a magistrate's ruling on a motion to suppress "in the superior court to preserve the point for review on appeal, for it would be wholly inappropriate to reverse a superior court's judgment for error it did not commit and that was never called to its attention" by either a motion to suppress evidence or a Pen. Code,[2] § 995 motion].) The unification of the municipal and superior courts did not abrogate this requirement. (*People v. Richardson* (2007) 156 Cal.App.4th 574, 582, 589.) Here, it is undisputed that defendant

---

[2]     All further section references are to the Penal Code unless otherwise specified.

4

failed to renew his motion to suppress before being sentenced by the superior court. Accordingly, defendant is barred from directly challenging the magistrate's denial of the motion to suppress on appeal.

Defendant argues the rule of forfeiture "has no application here for three reasons." First, he asserts "section 1538.5, subdivision (m), when read in conjunction with the 1992 amendments to sections 859a and 1466, provides for direct review of the municipal court's ruling on [defendant's] motion to suppress where, as here, the ruling on the suppression motion, the taking of the plea, and the imposition of judgment all occur before the same municipal court judge." (Citing *People v. Callahan* (1997) 54 Cal.App.4th 1419, 1422-1423.) *Callahan* does not assist defendant because, as the People note and *Garrido* explained, *Callahan* has been superseded by statute due to subsequent amendments to section 859c and Government Code section 70212, subdivisions (e) and (f), and repeal of section 1462. (*People v. Garrido* (2005) 127 Cal.App.4th 359, 365-366.) Defendant fails to address this point in his reply brief, which we construe as a concession that the argument in his opening brief lacks merit.

Second, defendant asserts "the record on appeal shows that it was at the court's behest that counsel refrained from renewing the suppression issue, even though [defendant] did not receive any benefits from counsel's abstention," because the court "allowed the combining of the hearing on the suppression motion and the preliminary hearing on the condition that the defense understood it would be prohibited from 'hav[ing] a subsequent suppression hearing.' " The record does not support this assertion.

At the preliminary hearing, the prosecution asked the magistrate to combine the preliminary hearing with the motion to suppress hearing because Deputy Cooley was a testifying witness in all the proceedings. The magistrate responded it had "actually never seen that happen before," explaining "normally, the defense has a choice, they can either do a suppression hearing as part of the preliminary hearing, which means that they are

5

opening the door to making inquiries about things that would otherwise exceed the scope of the preliminary hearing. [¶] But if they choose not to, if they do that, then they can't have a subsequent suppression hearing. And so the only other option is to not do it at a preliminary hearing and set it as a separate set hearing some other time." The prosecutor clarified that she was only requesting to have the preliminary hearing and the suppression hearing done at the same time. The court noted that it and defense counsel had misunderstood the prosecution's request and defense counsel stated he did not object to the request, as clarified. It is crystal clear the foregoing colloquy, upon which defendant relies, lends *no* support for defendant's assertion that the trial court imposed a condition on defendant to forego his right to subsequently renew his suppression motion. The colloquy pertained to hearings, not motions.

Third, defendant asserts, "if this court finds that it was nonetheless counsel's duty to properly preserve [defendant's] claim by raising it after the filing of the information, then counsel failed in his duty, and this Court has the authority to review the Fourth [A]mendment violation through [defendant's] ineffective assistance of counsel claim pursuant to Penal Code section 1237.5." The People disagree, arguing "[s]ection 1237.5 only describes the procedures involved in perfecting an appeal from a judgment based on a guilty plea" and " 'cannot expand the scope of review to include a noncognizable issue.' " (Citing *People v. Hoffard* (1995) 10 Cal.4th 1170, 1178.) In the People's view, defendant's failure to preserve the suppression issue on appeal necessitates his ineffective assistance of counsel claim proceed via a petition for habeas corpus. We disagree with the People.

A failure to preserve a Fourth Amendment claim for appeal will not necessarily preclude appellate review of the merits of the argument if the defendant asserts his trial counsel was constitutionally ineffective for failing to preserve the argument. (See *People v. Terrell* (1999) 69 Cal.App.4th 1246, 1252-1254.) Defendant's certificate of probable cause permits us to consider his constitutional claim. (*People v. Richardson*, *supra*, 156

6

Cal.App.4th at p. 596 [where a defendant has pled guilty or no contest, the defendant may properly bring an ineffective assistance of counsel claim on appeal, based on trial counsel's failure to renew a suppression motion, when the defendant has obtained a certificate of probable cause].)

II

*Defendant Has Failed To Prove He Received Ineffective Assistance Of Counsel*

To prevail on a claim of ineffective assistance of counsel, a defendant must prove that: (1) counsel's performance fell below the prevailing professional norms; and (2) that it is reasonably probable a more favorable outcome would have resulted but for counsel's failings. (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693]; *People v. Williams* (1997) 16 Cal.4th 153, 257.) "[I]f the record sheds no light on why counsel acted or failed to act in the challenged manner, we must reject the claim on appeal unless counsel was asked for an explanation and failed to provide one, or there could be no satisfactory explanation for counsel's performance." (*People v. Castillo* (1997) 16 Cal.4th 1009, 1015.) We presume " 'counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy. Defendant thus bears the burden of establishing constitutionally inadequate assistance of counsel.' " (*People v. Carter* (2005) 36 Cal.4th 1114, 1189.) "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." (*Strickland v. Washington*, at p. 697 [80 L.Ed.2d at p. 699].)

Defendant argues his counsel was constitutionally ineffective for: (1) failing "to seek suppression of the incriminating evidence found in the blue truck"; and (2) failing "to renew the suppression motion arguing the illegality of the sweep of [defendant's] home." We find no merit in defendant's contentions.

7

A

*Deputy Cooley's Peek Into The Truck's Windows Was Not A Search*

Defendant asserts his counsel was ineffective for failing to seek suppression of the evidence from Deputy Cooley's peek into his truck because: (1) the automobile exception does not justify a warrantless search of a vehicle in the home's curtilage; (2) a plain-view seizure cannot be justified if it is effectuated by unlawful trespass; and (3) "[t]hat the deputies may have had probable cause to search the teal blue truck is inconsequential" (italics omitted).

Before we address the merits of defendant's contentions, we note defendant interweaves under this argument heading statements that his counsel was ineffective for conceding "the rifle -- not merely the gun case carrying this rifle -- was in plain sight" and "the deputy required no warrant to seize this rifle." Defendant refers to the motion to suppress filed by his counsel before the hearing in which Deputy Cooley's testimony was given. That defendant's trial counsel was mistaken that a rifle instead of a gun case was seen on the seat of defendant's truck is irrelevant to our consideration of whether his counsel was ineffective for failing to bring a motion to suppress challenging Deputy Cooley's peek into the truck under the Fourth Amendment. Moreover, to the extent defendant attempts to raise a third ineffective assistance of counsel argument as to his counsel's mistake in that regard, he failed to raise the argument under a separate heading and did not substantiate the argument with citation to authority or provide any reasoning supporting his conclusion. We thus do not address any such lurking argument. (*Pizarro v. Reynoso* (2017) 10 Cal.App.5th 172, 179 ["[f]ailure to provide proper headings forfeits issues that may be discussed in the brief but are not clearly identified by a heading"]; *United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153 ["[w]e may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt' "].)

8

Turning to defendant's first argument, we note he relies exclusively on *Collins*. (*Collins v. Virginia* (2018) ___ U.S. ___ [201 L.Ed.2d 9].) Even assuming the truck was parked in defendant's driveway,[3] as he insists, *Collins* is readily distinguishable and inapplicable. In *Collins*, the United States Supreme Court explained the automobile exception to the Fourth Amendment does not permit "a police officer, uninvited and without a warrant, to enter the curtilage of a home in order to search a vehicle parked therein." (*Collins*, at p. ___ [201 L.Ed.2d at p. 16].) Curtilage -- " 'the area "immediately surrounding and associated with the home" ' " -- is considered " ' "part of the home itself for Fourth Amendment purposes." ' " (*Id*. at p. ___ [201 L.Ed.2d at p. 18].) The court explained that, "[w]hen a law enforcement officer physically intrudes on the curtilage to gather evidence, a search within the meaning of the Fourth Amendment has occurred." (*Ibid*. [201 L.Ed.2d at p. 19].)

Here, the officers had a right to be on defendant's premises for the purpose of contacting him because defendant was a suspect in committing the crimes they were investigating. (*People v. Chavez* (2008) 161 Cal.App.4th 1493, 1500 [" '[i]t is clear that police with legitimate business may enter areas of the curtilage which are impliedly open, such as access routes to the house' "].) " '[W]hen the police come on to private property to conduct an investigation or for some other legitimate purpose and restrict their movements to places visitors could be expected to go (e.g., walkways, driveways, porches), observations made from such vantage points are not covered by the Fourth Amendment.' " (*Ibid*.) Thus, when an officer observes an item in plain view -- such as a

---

[3] Nothing in Deputy Cooley's testimony established where the truck was parked in relation to defendant's home. His testimony established only that he saw the truck when he first arrived at defendant's home and that there was a concrete pad and flat parking area directly outside of defendant's front door. It appears defendant relies on the prosecution's memorandum of points and authorities in opposition to the motion to suppress for this assertion and a sentence in his plea agreement stating the truck was parked at his residence.

gun case (which appeared to contain something in it) on the back seat of a truck -- from a position where he had the right to be, the conduct does not constitute a search. (*People v. Lomax* (2010) 49 Cal.4th 530, 564.) Just as an officer with legitimate business may peek over a fence into a defendant's backyard without violating the Fourth Amendment (*Chavez*, at pp. 1500-1501), so too may an officer peek into a window of a vehicle located in places visitors could be expected to go when the officer is conducting legitimate business. Defendant does not argue that the vehicle was in an area where visitors would not be expected to go or that the officers were not conducting legitimate police business. The automobile exception to the Fourth Amendment -- and thus *Collins* -- simply has no application under the facts of this case.

Defendant's second argument is puzzling. He asserts that, "[e]ven if the rifle itself was in plain view, a plain-view seizure cannot be justified if it is effectuated by unlawful trespass." (Italics omitted.) First, defendant fails to explain how the officers committed unlawful trespass; defendant merely quotes various cases and provides no reasoning and no citations to the record to explain how he reached the conclusion he asks us to adopt. Second, the argument is nonsensical because no seizure occurred until *after* the police officers had obtained a search warrant. We simply fail to understand how this argument has any relevance under the facts of this case.

Defendant's third argument is confusing as well. Defendant argues "it does not matter that the deputies may have had probable cause to believe that [his] truck contained a firearm." He again relies on the premise that Deputy Cooley conducted a search by peeking into defendant's truck and, citing *Collins*, asserts the automobile exception does not apply. As explained *ante*, Deputy Cooley's peek into the windows of the truck did not constitute a search and *Collins* and the automobile exception are plainly inapplicable under the facts of this case.

Finding no merit in defendant's arguments, we conclude defendant's counsel was not ineffective for failing to bring a motion to suppress the evidence from Deputy Cooley's peek into the truck's windows.

B

*Defendant Has Failed To Show Prejudice As To The Protective Sweep*

"A 'protective sweep' is a quick and limited search of premises, incident to an arrest and conducted to protect the safety of police officers or others.  It is narrowly confined to a cursory visual inspection of those places in which a person might be hiding." (*Maryland v. Buie* (1990) 494 U.S. 325, 327 [108 L.Ed.2d 276, 281].)  Defendant argues:  (1) *Buie* does not permit a protective sweep under the facts of this case because the government failed to show the protective sweep was done of spaces immediately adjoining the place of arrest and by officers lawfully *within* the home; (2) the prosecution's argument that the deputies could sweep the home because they had probable cause to arrest defendant is contrary to law; (3) there was no evidence supporting an exigency for officer safety; (4) *People v. Celis* (2004) 33 Cal.4th 667 supports the conclusion no exigency existed; (5) even if defendant was arrested and *Buie* allows protective sweeps following an arrest outside of a home, the deputies had no reasonable belief someone was present inside defendant's home; and (6) in cases finding protective sweeps legal after a defendant had been arrested, "there were strong indicators that someone else may be present inside the house" (italics omitted).

In response to the foregoing, the People assert our Supreme Court in *Celis* "expanded the protective sweep authorized by *Buie* to include a detention made outside the suspect's home." (*People v. Celis*, *supra*, 33 Cal.4th at p. 679.)  The People selectively quote only a portion of a sentence in *Celis* to support their argument, misrepresenting what our Supreme Court wrote.  Our Supreme Court noted that some courts "have allowed a protective sweep of a house when the officers were not inside the house at all, but had arrested a suspect just outside" and "[t]hose cases . . . relied on the

11

rationale that 'in some circumstances, an arrest taking place just outside a home may pose an equally serious threat to the arresting officers' as one conducted inside the house." (*Ibid*., italics omitted.)  The court then posited, "[w]ould that rationale also apply when officers enter a home to conduct a protective sweep after lawfully detaining a suspect outside the residence?," and stated it did not need to resolve the issue "because the facts known to the officers when they entered [the] defendant's house fell short of the reasonable suspicion standard necessary to justify a protective sweep under *Buie* . . . ." (*Ibid*.)

We need not resolve the parties' dispute as to whether the protective sweep exception to the Fourth Amendment applies under the facts of this case, nor do we need to address the merits of defendant's other arguments.  That is because defendant has failed to sustain his burden on the issue of prejudice.  (*Strickland v. Washington*, 466 U.S. at p. 697 [80 L.Ed.2d at p. 699] ["[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed"].)

Defendant acknowledges he must show prejudice to succeed on an ineffective assistance of counsel claim.  Defendant does not, however, present any reasoned argument that, absent the protective sweep observations, he would not have been charged with and pled no contest to being a prohibited person in possession of a firearm.  He merely asserts in a conclusory fashion that:  "The search warrant in this case was based on observations yielded from the illegal search of [his] curtilage and home" and "[h]ad counsel properly put forth these arguments, all the evidence against [him] would be suppressed."

In his plea agreement, defendant specified the factual basis for his plea was that "a firearm was found by law enforcement in a pickup truck parked at my residence" and "a jury may well decide I was in possession of that firearm."  (Capitalization omitted.) Defendant fails to explain why, absent the protective sweep observations, the search

warrant for his truck would have been defective considering, among other things, that Deputy Cooley observed a gun case on the back seat of defendant's truck and defendant was prohibited from possessing a firearm. In the absence of any reasoned argument, defendant has failed to establish there is a reasonable probability that, but for counsel's errors (if any), he would not have pled guilty to being a prohibited person in possession of a firearm. (*Premo v. Moore* (2011) 562 U.S. 115, 130 [178 L.Ed.2d 649, 664] [the relevant inquiry in determining prejudice is whether the defendant "established [a] reasonable probability that he would not have entered his plea but for his counsel's deficiency"].) Defendant has thus failed to establish ineffective assistance of counsel.

### DISPOSITION

The judgment is affirmed.


                                        /s/
                                        Robie, J.


We concur:


/s/
Blease, Acting P. J.


/s/
Duarte, J.